Victor Santiago **RIVERA, Administrator
of the Estate of Juan Santiago Rivera,
Deceased, Plaintiff,**

v.

**TURNER CONSTRUCTION CO.,
Defendant.**

Civ. A. No. 18556.

United States District Court
E. D. Pennsylvania.

Nov. 18, 1955.

Samuel T. Kaplan, Philadelphia, Pa.,
for plaintiff.

J. B. H. Carter, Philadelphia, Pa., for
defendant.

CLARY, District Judge.

The present action was instituted to re-
cover damages for the death of Juan

Santiago Rivera on August 11, 1954.
Rivera, a painter, was employed by S.
Kooperman & Sons, painting contractors,
who had been engaged by the defendant,
Turner Construction Company, to paint
a newly installed escalator in Snellen-
burg's Department Store at 11th and
Market Streets, Philadelphia, Pennsyl-
vania. Turner, the general contractor,
had entered into a contract with the City
of Philadelphia, Trustee under the Will
of Stephen Girard, to renovate the Snel-
lenburg store at a cost in excess of $3,-
000,000. Part of the painting work had
been entrusted to Kooperman, plaintiff's
employer. The complaint alleges that
because of the negligence of defendant
Turner in the faulty construction of
guard rails around the escalator Rivera
fell and sustained injuries resulting in
his death.

Defendant has moved for summary
judgment under Rule 56 of the Feder-
al Rules of Civil Procedure, 28 U.S.C.,
basing its motion on the fact that plain-
tiff's decedent was its statutory employee
and that any right of recovery for the
unfortunate accident which caused Ri-
vera's death is limited to the rights
granted by the Pennsylvania Workmen's
Compensation Act, 77 P.S. § 1 et seq.

Under the facts of the instant case
there is no doubt that defendant, Turner
Construction Co., was the statutory em-
ployer of the deceased Juan Santiago Ri-
vera. Section 203 of the Workmen's
Compensation Act of Pennsylvania, 1915,
June 2, P.L. 736 et seq., as amended, 77
P.S. § 52, reads as follows:

"An employer who permits the
entry upon premises occupied by him
or under his control of a laborer or
an assistant hired by an employe or
contractor, for the performance up-
on such premises of a part of the
employer's regular business entrust-
ed to such employe or contractor,
shall be liable to such laborer or
assistant in the same manner and to
the same extent as to his own em-
ploye."

This provision has been uniformly in-
terpreted by the Supreme Court of Penn-

sylvania as imposing a statutory relationship of employer and employee between a general contractor and employees of subcontractors superseding all common law relationships. The only circumstance under which a statutory employer may avoid such statutory relationship and liability under the Compensation Act is by outright rejection of the Act by means of a notice to that effect posted upon the premises with a copy of said notice being filed with the Pennsylvania Workmen's Compensation Board, Section 302(a) Workmen's Compensation Act of Pennsylvania, 77 P.S. § 461. Sworn answers to interrogatories in this case state there was no rejection of the Act and plaintiff in his brief and at argument frankly admits he has no proof of rejection of the Act.

Plaintiff, however, seeks to avoid the consequences of the statutory employer-employee relationship and contends that he should be permitted to maintain the action on the ground that by negligently erecting and maintaining defective guard rails the defendant had taken itself out of the protection of the Compensation Statute for the purposes of this suit; further, that it would be against public policy to permit the defendant here to take all of the advantages of a statutory employer when, by the contract between the general contractor Turner and subcontractor Kooperman, Kooperman agreed to and actually did carry Workmen's Compensation Insurance, which insurance satisfied the obligation of the general contractor to the deceased under the Workmen's Compensation Act of Pennsylvania. Unfortunately for the plaintiff here both of these contentions have been raised in previous Pennsylvania cases and decided adversely to the contentions of the plaintiff here made. Swartz v. Conradis, 1929, 298 Pa. 343, 148 A. 529; Qualp v. James Stewart Co., 1920, 266 Pa. 502, 109 A. 780; Shoffler v. Lehigh Valley Coal Co., 1929, 290 Pa. 480, 139 A. 192; Gallivan v. Wark Co., 1927, 288 Pa. 443, 136 A. 223; Welsch v. Pittsburgh Terminal Coal Corp., 1931, 303 Pa. 405, 154 A. 716.

Another contention advanced by plaintiff is that the case should be submitted to a jury on the question as to whether Turner Construction Co. had such control of the premises involved in the accident as to bring into existence the statutory employer-employee relationship, arguing that since the work was done without disturbing the operation of the Snellenburg Department Store, a jury should be permitted to pass upon that question. That contention, likewise, has been raised in the Supreme Court of Pennsylvania and decided adversely to plaintiff in the case of Sarne v. Baltimore & Ohio R. Co., 1952, 370 Pa. 82, 87 A.2d 264. In Sarne the evidence disclosed that the Railroad Company had entered into a contract with Hauser, a general contractor, to renovate and alter one of its roundhouses. The general contractor employed subcontractors to do various portions of the work. The Railroad Company, after the renovations started, continued to use the roundhouse for its own purposes. Sarne, an employee of one of the subcontractors, was injured during the course of the work and sued the railroad, the general contractor and the subcontractors, other than his own employer. The Supreme Court of Pennsylvania reversed a verdict in favor of the plaintiff against the general contractor, holding that there was no liability on the general contractor and stating that if Hauser was in control of the premises where the work was performed, plaintiff's sole remedy would be statutory under the workmen's compensation legislation. It further added that there was no necessity for reviewing the record and determining whether there was evidence from which the jury could have found that Hauser was actually in control of the premises. If he was, plaintiff's only remedy was under the Workmen's Compensation Act; if he was not, there was no liability.

The identical factual situation is presented in this case. Plaintiff argues that he should be permitted to establish facts concerning the question of control of the premises since Snellenburg's store

was kept open during the renovations. There appears to be no reason to permit plaintiff to proceed with proof in that regard. The contract specifically provided that Turner was to be in complete charge of all of the renovations and it was Turner's duty to exercise a high degree of care to prevent injury to all persons including its own employees, employees of subcontractors, as well as employees and patrons of the store during the progress of the work. The same dilemma that faced Sarne in the above case faces plaintiff in this case. Turner was in control of the work and was the statutory employer of Rivera. I see no material dispute of fact in this action which would warrant the submission of the case to a jury. The motion for summary judgment will be granted.