Harry W. BOETTGER, Plaintiff,

v.

The BABCOCK & WILCOX COMPANY (a New Jersey Corporation), Defendant.

Civ. A. No. 16916.

United States District Court
E. D. Pennsylvania.

July 23, 1956.

Paul A. McGinley, Allentown, Pa., for plaintiff.

John B. Hannum, 3rd, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

The present action was instituted to recover damages for injury sustained by the plaintiff, Harry W. Boettger, due to the alleged negligence of the defendant, The Babcock & Wilcox Company. Before, at and after the time of the accident the defendant, in furtherance of its regular business, was using the premises of Pipe and Tubular Products, Inc. De-

fendant exercised control over the facilities and materials used and the manner in which work was done on its products. During this period, Pipe and Tubular was engaged in work upon its own premises under a subcontract let by defendant. Plaintiff, while engaged upon the work of defendant, was injured by reason of allegedly faulty equipment provided him by defendant.

The parties are in dispute as to whether Pipe and Tubular, the subcontractor, or the defendant principal contractor was plaintiff's employer at the time of injury. It is undisputed that plaintiff was working under a contract of employment with Pipe and Tubular which paid him, kept his payroll records, and made the proper payroll deductions and payments required by federal and state laws. Pipe and Tubular had direct control over the number of hours plaintiff worked, since to work overtime, Pipe and Tubular, and not its employees, had to receive clearance from defendant. Other than control over the premises and over the manner in which the work was done, defendant had no positive relation to the plaintiff.

Defendant has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C., upon the ground that the complaint fails to state a cause of action against the defendant entitling plaintiff to recovery, and that plaintiff's exclusive remedy is under the Pennsylvania Workmen's Compensation Act.

■ If, at the time of plaintiff's injury, defendant was plaintiff's employer, defendant's liability would be only that imposed by the compensation statute. If the defendant was not then the plaintiff's actual employer, defendant's liability would be the same for it would be the plaintiff's statutory employer. Section 203 of the Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 52, provides:

"An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe."

■ This section of the Act has been construed to mean that the word "contractor" is synonymous with subcontractor, and "employer" includes principal contractor. McDonald v. Levinson Steel Co., 302 Pa. 287, 153 A. 424. "Premises" is the actual place where the "employer" carries on his regular business, and is the place occupied or controlled by him to which subcontractor's employees have access for performance of that part of the employer's business entrusted to the subcontractor.

■■ In this case, plaintiff was employed by Pipe and Tubular, but was working for Pipe and Tubular in furtherance of defendant's contract, on premises controlled by defendant. Under these circumstances, defendant was plaintiff's statutory employer. Under § 203 an employee of a subcontractor cannot maintain an action in trespass for personal injury against the principal contractor who is in control of the premises. Sarne v. Baltimore & Ohio R. R. Co., 370 Pa. 82, 87 A.2d 264; Rivera v. Turner Construction Co., D.C.E.D.Pa., 135 F.Supp. 553.

Plaintiff attempts to create a semantic distinction between control and "supervisory" control over the manner in which work was done. The language of § 203 is clear and unambiguous. The element of control referred to regarding a statutory employer is control over the premises. Control over the method of labor is relevant only when dealing with the concept of master and servant.

The conclusion is inevitable that, whether defendant was plaintiff's employer in fact or his statutory employer, the only remedy available to plaintiff is under the Workmen's Compensation Act.

The only other possibility is that defendant was neither actual nor statutory employer of the plaintiff. Under the un-

**780**

controverted facts of this case the latter possibility could exist only if defendant was not in control of the premises in which event there would be no liability at all. Sarne v. Baltimore & Ohio R. R., supra.

 The summary judgment made available under Rule 56 should not be incautiously entered. Any doubt as to the facts should prevent such an order and allow a jury to resolve any dispute. The peculiarity in this case is that the disputed fact, however found, could have no effect on the defendant's liability.