# Anderson, Appellant, *v.* Carnegie Steel Company.

*Constitutional law — Constitution of Pennsylvania, Article I, Section 9—Constitution of the United States, 14th Amendment— Workman's Compensation Act of June 2, 1915, P. L. 736—Validity.*

1. A person has no property, no vested interest in any rule of the common law; that is only one of the forms of municipal law and is no more sacred than any other.  Rights of property which have been created by the common law cannot be taken away without due process; but the law itself, as a rule of conduct, may be changed at the will of the legislature, unless prevented by constitutional limitations.

2. Section 201 of Article II of the Workman's Compensation Act of June 2, 1915, P. L. 736, abolishing the fellow servant rule, assumption of risk, and contributory negligence as defenses to actions to recover damages for injuries sustained by an employee, or for death resulting from injuries received in the course of employment, does not effect a deprivation of property without due process of law, in violation of Article I, Section 9, of the Constitution of Pennsylvania and the Fourteenth Amendment to the Constitution of the United States.

3. Section 204 of Article II of the said Act of 1915, providing in effect that no agreement or release of damages made before the happening of any accident, except the agreement defined in Article III of said act, shall be valid or bar claims for damages for the injuries resulting therefrom, is but a statutory extension of the principle that a contract limiting or releasing damages for future negligence is against public policy, and is not unconstitutional as being an unreasonable interference with the right of the individual to make his own contract.

4. Sections 301, 302 and 303 of Article III of the said Act of 1915 do not deprive citizens of the rights of trial by jury in violation of Article I, Section 6, of the Constitution, as neither employer nor employee is deprived of a trial by jury except by his own

consent, conclusively presumed to have been given unless withheld in the manner prescribed by the act.

5. Article III of the said Act of 1915 does not violate Section 21 of Article III of the Constitution of Pennsylvania providing that no acts of the general assembly shall limit the amount to be recovered for injuries resulting in death or for injuries to persons or property, as the amount to be recovered under the provisions of the act is limited only when the parties to the contract of employment so agree.

Argued April 17, 1916. Appeal, No. 62, Oct. T., 1916, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1916, No. 326, on verdict for defendant, in case of William Anderson v. Carnegie Steel Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SHAFER, J.

The opinion of the Supreme Court states the facts.

The defendant demurred to the statement of claim in the affidavit of defense. The court sustained the demurrer and entered judgment for defendant. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant.

*Leonard K. Guiler,* for appellant.—Section 201 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, violates Article I, Section 9, of the Constitution of Pennsylvania, providing that a person cannot be deprived of his life, liberty or property unless by the judgment of his peers or the law of the land: Ziegler v. South & North Alabama R. R. Co., 58 Ala. 594; Ives v. South Buffalo Ry. Co., 201 N. Y. 271 (94 N. E. Repr. 431).

Section 204 of Article II of the said act is unconstitutional as being in violation of the bill of rights and of the Constitution of the United States, providing that no per-

son can be deprived of his property without due process of law: Allgeyer v. State of Louisiana, 165 U. S. 578; Godcharles v. Wigeman, 113 Pa. 431; Waters v. Wolf, 162 Pa. 153; Com. of Penna. v. Brown, 8 Pa. Superior Ct. 339; Adinolfi v. Hazlett, 242 Pa. 25; Thorpe v. Rutland & Burlington R. R. Co., 27 Vt. 140; Dennis v. Moses, 18 Wash. 537 (52 Pac. Repr. 333).

Article III providing for the payment of compensation irrespective of negligence is unconstitutional and void because it deprives a person of his right of trial by jury.

The so-called elective feature of the act does not save the statute: Godcharles v. Wigeman, 113 Pa. 431; Erdman v. Mitchell, 207 Pa. 79; Flaccus v. Smith, 199 Pa. 128; Durkin v. Kingston Coal Co., 171 Pa. 193; Ives v. South Buffalo Ry. Co., 201 N. Y. 271; Adinolfi v. Hazlett, 242 Pa. 25; Penna. R. R. Co. v. McCloskey, 23 Pa. 526; Grogan & Merz v. Adams Express Co., 114 Pa. 523; Penna. R. R. v. Raiordon, 119 Pa. 577; Weiller v. Penna. R. R., 134 Pa. 310; Penna. R. R. v. Butler, 57 Pa. 335.

*David A. Reed,* of *Reed, Smith, Shaw & Beal,* with him *J. B. Colahan, Jr.,* and *Francis H. Bohlen,* for appellee.— The fact that the act abolishes the common law defense of the fellow servant rule, assumption of risk and contributory negligence does not render the act unconstitutional: Matheson v. Minneapolis Street Railway Co., 148 N. W. Repr. 71; Borgnis v. Falk Co., 147 Wisconsin, 327; In re Opinion of the Justices, 209 Mass. 607; Young v. Duncan, 218 Mass. 346; Sexton v. Newark Dist. Tel. Co., 84 N. J. L. 85; Memphis Cotton Oil Co. v. Tolbert, 171 S. W. Repr. 309; Deibeikis v. Link-Belt Co., 261 Illinois 454; State, ex rel., Yaple, v. Creamer, 85 Ohio 349; Zumkehr v. Diamond Portland Cement Co., 23 Ohio Dec. 224.

It was competent for the legislature to enact that at the time when the contract of employment is made the parties shall be presumed to have agreed to abide by the provisions of the act in the absence of an express stipu-

lation to the contrary: Grogan & Merz v. Adams Express Co., 114 Pa. 523; Sexton v. Newark Dist. Tel. Co., 84 N. J. L., 85; Young v. Duncan, 218 Mass. 346; Deibeikis v. Link-Belt Co., 261 Illinois 454;. State, ex rel., Yaple, v. Creamer, 85 Ohio 349; Jeffrey Mfg. Co. v. Blagg, 235 U. S. 571; Borgnis v. Falk Co., 147 Wisconsin 327; Matheson v. Minneapolis Street Railway Co., 148 N. W. Repr. 71; Washington on Relation of Davis-Smith Co. v. Clausen, 65 Wash. 156; Stoll v. Pacific Coast Steamship Co., 205 Fed. Repr. 169; Cunningham v. North-Western Improvement Co., 44 Montana 180; Memphis Cotton Oil Co. v. Tolbert, 171 S. W. Repr. 309.

*Walter Thomas* filed a paper book as amicus curiæ.

Opinion by Mr. Chief Justice Brown, July 1, 1916:

William Anderson brought this action against the Carnegie Steel Company to recover damages for injuries sustained while serving it as one of its employees on January 12, 1916.   The affidavit of defense averred that the case was within the scope of the Workmen's Compensation Act of June 2, 1915, P. L. 736; that said act is constitutional and that what is therein provided is plaintiff's exclusive remedy.   This raised a question of law and the court below disposed of it by entering judgment for the defendant in accordance with the provisions of Section 20 of the Procedure Act of May 14, 1915, P. L. 483.

Nothing appears in plaintiff's statement of his claim to take his case out of the Workmen's Compensation Act, and its constitutionality is the sole question involved in this appeal.   We take up the objections to its constitutionality in the order in which counsel for appellant has presented them.

It is first contended that Section 201, Article II, of the Act of 1915, is unconstitutional, because (1) it is violative of Article I, Section 9, of our Constitution, which provides that one cannot be deprived of his property "un-

less by the judgment of his peers or the law of the land," and (2) because it is in contravention of the Fourteenth Amendment to the Constitution of the United States, which declares that no one shall be deprived of his property "without due process of law". Section 201 is as follows: "In any action brought to recover damages for personal injury to an employee in the course of his employment, or for death resulting from such injury, it shall not be a defense—(a) That the injury was caused in whole or in part by the negligence of a fellow employee; or (b) That the employee had assumed the risk of the injury; or (c) That the injury was caused in any degree by the negligence of such employee, unless it be established that the injury was caused by such employee's intoxication or by his reckless indifference to danger. The burden of proving such intoxication or reckless indifference to danger shall be upon the defendant, and the question shall be one of fact to be determined by the jury." It is urged that the taking away of these defenses is deprivation of property without due process of law. Section 201 applies only to actions at law for damages resulting from the negligence of employers, and by it they may no longer set up certain defenses available under the common law; but no one has property in any rule of that law. Rights of property may be acquired under it, and, when so acquired, the owner of them is not to be deprived of them "unless by the judgment of his peers or the law of the land"; but, while rights of property created by the unwritten law cannot be taken away without due process of law, the common law itself may be changed by statute, and, from the time it is so changed, it operates in the future only as changed. The written and unwritten law are both rules of civil conduct proceeding from the supreme power of the State. "That one is unwritten and the other written can make no difference in their validity or effect. The common law did not become a part of the laws of the states of its own vigor. It has been adopted by constitutional provision,

by statute or decision, and, we may say in passing, is not the same in all particulars in all the states. But however adopted, it expresses the policy of the State for the time being only and is subject to change by the power that adopted it": Western Union Telegraph Company v. Commercial Milling Company, 218 U. S. 406. In Mondou v. N. Y., N. H. & H. R. R. Co., 223 U. S. 1, it was held that an act of congress abolishing the defenses of assumption of risk and the fellow servant rule, and providing that contributory negligence shall merely mitigate damages, did not violate the "due process of law" clause of the Constitution, and, in so holding, it was said: "A person has no property, no vested interest, in any rule of the common law. That is only one of the forms of municipal law, and is no more sacred than any other. Rights of property which have been created by the common law can not be taken away without due process; but the law itself, as a rule of conduct, may be changed at the will......of the legislature, unless prevented by constitutional limitations. Indeed the great office of statutes is to remedy defects in the common law as they are developed, and to adapt it to the changes of time and circumstances." Other cases to the same effect are: Young v. Duncan, 218 Mass. 346; Borgnis v. Falk Co., 147 Wis. 327; Sexton v. Newark Dist. Tel. Co., 84 N. J. L. 85; State v. Creamer, 85 Ohio St. 349. The first contention of the appellant is groundless.

It is next contended that Section 204, of Article II, of the Act of 1915, is unconstitutional, because it is an unreasonable interference with the right of an individual to make his own contract. That section is as follows: "No agreement, composition, or release of damages made before the happening of any accident, except the agreement defined in Article III of this act, shall be valid or shall bar a claim for damages for the injury resulting therefrom; and any such agreement, other than that defined in Article III herein, is declared to be against the public policy of this Commonwealth. The receipt of

benefits from any association, society, or fund shall not bar the recovery of damages by action at law, nor the recovery of compensation under Article III hereof; and any release executed in consideration of such benefits shall be void." At the time the Act of 1915 was passed the settled law of this State was that a contract limiting or releasing damages for future negligence was against public policy: Penna. R. R. v. Butler, 57 Pa. 335; Grogan & Merz v. Adams Express Co., 114 Pa. 523; Penna. R. R. v. Raiordon, 119 Pa. 577. The foregoing section is but a statutory extension of the same principle.

It is further urged that Sections 301, 302 and 303, of Article III, of the Act of 1915, are unconstitutional, because they are violative of Article I, Section 6, of our Constitution, which declares that "trial by jury shall be as heretofore, and the right thereof remain inviolate." If the foregoing sections are to be binding on an employer or employee in any case, they will be so only after both have agreed they shall be so bound. It is clearly pointed out in Section 302 to each of the contracting parties how either of them may, in a very simple way, prevent the operation of Article III. Neither of them is deprived of a trial by jury except by his own consent, conclusively presumed to have been given, unless withheld in the manner prescribed by the act. Either party, employer or employee, by his statement in writing to the other that the provisions of Article III of the act "are not intended to apply," may prevent their application. Nothing is to be found in the said three sections depriving employer or employee of the constitutional right of a trial by jury. They merely permit a waiver of the same, if both so agree, and neither the Federal nor State Constitution precludes such waiver: Krugh v. Lycoming Fire Insurance Company, 77 Pa. 15.

Finally, it is contended that Article III, of the Act of 1915, is unconstitutional, because it is violative of Section 21, of Article III, of our Constitution, which provides: "No act of the general assembly shall limit the

amount to be recovered for injuries resulting in death, or for injuries to persons or property; and in case of death from such injuries, the right of action shall survive, and the general assembly shall prescribe for whose benefit such actions shall be prosecuted." It need only be said of this contention that the amount to be recovered for injuries to an employee is limited only when the parties to the contract of employment so agree.

The assignment of error is overruled and the judgment is affirmed.