Welsch, Appellant, *v*. Pittsburgh Terminal Coal Corporation.

Argued March 18, 1931.  Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Robbin B. Wolf,* with him *Dixon H. Geiser* and *Mc-Creery & Wolf,* for appellant.—The statutes of this State forbade the employment of appellant to work at the place where he was injured,—there was therefore no contract of hiring within the meaning of the Compensation Act, and consequently no presumed acceptance of article III of that act: Walcofski v. R. R., 278 Pa. 84; King v. Brick & Mine Co., 284 Pa. 277.

*Sidney J. Watts,* of *Baker & Watts,* with him *Karl E. Weise,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 13, 1931:

Plaintiff, an adult employee of defendant, brought an action of trespass to recover damages for an injury he alleges he sustained by reason of his clothing catching in the gears of an electric water pump, while he was actually engaged in doing the work for which he was employed, the gears having been left unguarded by defendant's superintendent in direct violation of the Act of June 9, 1911, P. L. 756. The court below held that the suit could not be maintained because of the Workmen's Compensation Act of June 2, 1915, P. L. 736, and its supplements, and with this we agree.

It is conceded that usually the latter act would bar such a suit, but it is contended that this is not so where the accident results from the neglect of a statutory duty. No such distinction appears in the act. Article I, sec-

tion 1, (P. L. 736), provides that, as respects employers and employees, it "shall apply to all accidents occurring within this Commonwealth." Article III, section 301, (P. L. 738), says that the injury for which recovery may be had under the statute "shall not include an injury caused by the act of a third person intended to injure. the employee because of reasons personal to him...... but shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer." Article III, section 302 (a), (P. L. 739), provides that "In every contract of hiring......expressed or implied......it shall be conclusively presumed that the parties have accepted the provisions of article III of this act," unless one shall have served upon the other a written statement to the contrary, and shall have filed a duly sworn copy thereof with the bureau of workmen's compensation "within ten days after such service and before any accident has occurred." And section 303, (P. L. 740), says that such agreement, express or implied, "shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided" in the act.

We know of no provisions of the statute which qualify those above quoted, and plaintiff has not directed us to any; hence, since he has not averred that he took any steps to exclude his employment from falling under its provisions, it necessarily follows that he was subject thereto. He alleges, however, that certain decisions of ours, hereinafter cited, show that we have excluded from the purview of the act all cases where the accidents have resulted from the breach of statutory provisions. If we thought we had so construed the Workmen's Compensation Act, we would unhesitatingly overrule those decisions, for the act, embodying as it does a great public policy, is too valuable to be frittered away by a restric-

tive construction. We do not think so, however; on the contrary, we are of opinion that the mistake is plaintiff's, in that he has fallen into the common error of attempting to apply the language of those opinions to cases wherein the facts are not substantially the same. This is not permissible. In Com. v. Budd Wheel Co., 290 Pa. 380, 384, we said: "Appellant's misunderstanding as to the meaning of the language quoted [from an earlier opinion], arises out of its failure to keep in mind the subject-matter we were then considering. Many, if not most, decisions could be misinterpreted if this necessary rule of construction was thus ignored." In Hill v. Houpt, 292 Pa. 339, 342, we said: "There are general expressions in that [prior] opinion, which, if dissevered from the facts, would seem to sustain appellants' contention. They cannot properly be so dissevered, however; in every case what is actually decided is the law applicable to the particular facts; all other legal conclusions therein are but obiter dicta, though they may be entitled to great consideration because of the high standing of the tribunal announcing them: Cohens v. Virginia, 6 Wheaton 264, 399; Weyerhaeuser v. Hoyt, 219 U. S. 381, 394." See also Erie City's App., 297 Pa. 260, 266.

The cases upon which plaintiff relies to sustain the present suit, are Lincoln v. National Tube Co., 268 Pa. 504; Walcofski v. Lehigh Valley Coal Co., 278 Pa. 84, and King v. Darlington Brick & Mining Co., 284 Pa. 277. A consideration of these opinions, in the light of the facts to which they apply, will show that they do not lend the slightest aid to his contention.

In the Lincoln Case, which is cited with approval in Edward Stern & Co. v. Liberty Mutual Ins. Co., 269 Pa. 559, the plaintiff, who was a minor, was employed to do work which was expressly forbidden by statute. We decided that the Workmen's Compensation Act only applied in cases where an express or implied contractual relation of employer and employee existed, that no such

relation could legally arise out of the contract in that case, which was declared to be illegal at the same session of the legislature as passed the Workmen's Compensation Act; and hence plaintiff was not within the purview of the latter statute. The basis of the decision is the principle stated, at least as far back as 1834, in Badgley v. Beale, 3 Watts 263, 264, that "Every contract ......made for or about any matter or thing which is prohibited and made unlawful by statute, is a void contract."

In the Walcofski Case, (278 Pa. 84), we held that a coal miner, who, in violation of the Anthracite Coal Mine Act of June 2, 1891, P. L. 176, of his own motion wrongfully entered a barricaded portion of the mine and was injured therein, could not recover under the Workmen's Compensation Act, because "in entering [such a place, he] was no longer engaged 'in the course of his employment,' and his presence therein was not 'required by the nature of his employment.'" Nothing was said regarding his right to recover in an action of trespass, but, of course, under the circumstances stated, he would have been debarred from that also. The reason for the conclusion reached was thus tersely expressed in Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480, 484: "The employee, by his own act, breaks the continuity of employment, and becomes, for that time, a trespasser." The Walcofski decision has been many times followed, but its true scope is set forth in Dickey v. Pittsburgh & Lake Erie R. R. Co., 297 Pa. 172, 174-5, to which those interested may refer with profit.

In the King Case, (284 Pa. 277), the minor was employed to do general work about defendant's mill, much of which it was legal for him to do. He was, however, expressly "*directed* by defendant's mill foreman" to do that which was statutorily forbidden, and this resulted in his death. We held that the rule laid down in Lincoln v. National Tube Co., supra, applied, because to

expressly direct a minor to do work which is statutorily forbidden, was equivalent to hiring him to do that work.

Aside from the foregoing authorities plaintiff has referred to no principle of law upon which we could sustain his contention. While it is unimportant to the question of the applicability of the Workmen's Compensation Act, it may not be inappropriate to say that the adult plaintiff was bound to know the law, quite as much as was the defendant corporation, and he certainly knew the danger of possible contact with the unguarded gears of the pump. While he was under no duty to guard those gears, he knowingly took the risk of the neglect of defendant's superintendent in that respect, with the result that, while voluntarily assuming that risk did not deprive him of all recovery (as in the olden days perhaps might have been the case), it did remit him to the Workmen's Compensation Act, which excludes any defense growing out of such a situation, and permits him to recover under its beneficent provisions.

The judgment of the court below is affirmed.