## Fetters v. Robinson.

*John G. Kaufman*, for plaintiff; *Wayland H. Elsbree*, for defendant.

LAMBERTON, J., March 27, 1931.—Plaintiff has brought suit against defendant to recover damages which plaintiff claims to have suffered as the result of defendant's negligence. Defendant has filed an affidavit of defense raising questions of law.

The statement of claim avers that plaintiff was employed by defendant as a bench hand on the premises of defendant, located at No. 49 to No. 63 Queen Lane, Philadelphia, defendant being engaged in the trade of cabinetmaker on said premises; that on February 28, 1928, while so engaged and while working at his bench on the third floor of said premises, plaintiff desired to go to the toilet, which was located in the yard on the same premises; that in descending the stairs from the third floor to the second floor, plaintiff slipped and thereby sustained the injuries complained of; that the injuries were caused by the negligence of defendant, in that defendant did not provide guards, rails, etc., about said stairs, as required by the regulations of the Department of Labor and Industry of the State of Pennsylvania, issued under authority of the statutes of Pennsylvania.

Defendant in its affidavit of defense contends that under the facts averred in the statement of claim plaintiff's sole remedy is under the Workmen's Compensation Law, and that this action in trespass will not lie. Plaintiff, on the other hand, contends: (1) that this question cannot be determined preliminarily as a matter of law; and (2) that the employer's failure to comply with the law or regulations in regard to safety guards, if proven, takes the accident out of the province of the Workmen's Compensation Law.

Section twenty of the Practice Act of May 14, 1915, P. L. 483, provides as follows: "The defendant in the affidavit of defense may raise any question of law, without answering the averments of fact in the statement of claim; and any question of law, so raised, may be set down for hearing, and disposed of by the court. If in the opinion of the court the decision of such question of law disposes of the whole or any part of the claim, the court may enter judgment for the defendant, or make such other order as may be just."

This provision in the Practice Act is obviously designed to save the time of the courts, and litigants as well, by disposing of a case at an early stage,

if it is evident, as a matter of law, that the decision must ultimately be against the plaintiff.

In the Workmen's Compensation Act of June 2, 1915, P. L. 736, section 301 of article three provides that when an employer and employee accept the provisions of article three, compensation for personal injury to the employee sustained in the course of his employment shall be made in all cases by the employer without regard to negligence. Section 302 (a) of the same act provides that in every contract of hiring it shall be conclusively presumed that the parties have accepted the provisions of article three of the Workmen's Compensation Act, and have agreed to be bound thereby, unless there be at the time of the hiring an express statement in writing to the contrary from either party to the other, and unless a copy of such writing be filed with the bureau within ten days after service upon the other party.

Section 303 of the same act provides: "Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided in article three of this act."

Our courts have uniformly held that when the facts bring the parties within the Workmen's Compensation Act, that act provides the sole remedy. The first question, then, is whether this matter can be disposed of on the pleadings. The case of Anderson *v.* Carnegie Steel Co., 255 Pa. 33, decided in 1916, shortly after the Workmen's Compensation Act went into effect, is very much in point. In that case there was an affidavit of defense raising questions of law. The lower court sustained the affidavit of defense and entered judgment for the defendant. The court said: "This raised a question of law and the court below disposed of it by entering judgment for the defendant in accordance with the provisions of section 30 of the Procedure Act of May 14, 1915, P. L. 483.

"Nothing appears in plaintiff's statement of his claim to take his case out of the Workmen's Compensation Act, and its constitutionality is the sole question involved in this appeal."

We have found no decision to the contrary, and to our mind the case of Anderson *v.* Carnegie Steel Company is authority for defendant's contention in this case, and holds that in a proper case a question such as is raised here may be disposed of on the pleadings. The case at bar. is of the very type that section twenty of the Practice Act was intended to cover.

The second contention of plaintiff is that the averments in the statement of claim to the effect that the accident was due to the failure of the employer to provide proper safeguards, as required by the law and regulations, remove this case from the province of the Workmen's Compensation Law, and makes possible an action in trespass at common law. There is no intimation in any of the decisions of our higher courts that such a violation of law removes a case from the realm of the Workmen's Compensation Act. In fact, it is hard to see how there could be such a decision. There is no such provision in the act itself, and if the legislature had so intended, it would have been an easy matter to so state.

The only case cited to the contrary is Lincoln *v.* National Tube Co., 268 Pa. 504, but that case is easily distinguishable on its facts. In the Lincoln case, a minor had been employed contrary to law, and while so employed was injured. The Supreme Court held that the employer was liable in an action in trespass, but the reason for so holding was that, since the employment

was prohibited by law, there was in reality no contract at all, and, consequently, the presumption of acceptance of the Workmen's Compensation Act never arose. In the case at bar, by the averments of the statement of claim itself, it is plain that there was a contract of employment, and it is further plain that the injury occurred upon the premises of the employer and in the course of the employment. On the other hand, there is no averment that either party had given to the other notice that the contract of employment should not be governed by the Workmen's Compensation Law.

Plaintiff further contends that this case is the converse of the many cases which hold that an employer is not liable under the Workmen's Compensation Act when at the time of the injury the employee is deliberately disregarding some provision of the law or proper regulations made by the employer. Those cases also are easily distinguishable, for their basis is that when the employee does something prohibited by law or by proper regulations, he is acting outside of the scope of his employment, and, consequently, the implied contract to accept the provisions of the Workmen's Compensation Law has no application.

The decisions do hold that the question whether an employee's injury was received in the course of his employment is a mixed question of law and fact. See Schott v. Pennsylvania R. R. Co., 76 Pa. Superior Ct. 582. This can only be true, however, where there is a dispute as to the facts. Where all the facts are admitted, as in this case, and plainly show that the injury was received in the course of the employment, the question is purely one of law for the court.

And now, to wit, March 27, 1931, the affidavit of defense raising questions of law is sustained, and it is directed that judgment be entered for the defendant.