Socha, Appellant, *v.* Metz.

Argued November 21, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*I. Raymond Kremer,* with him *Rush, Kremer & Maerz,* for appellant.

*Levy Anderson,* Deputy City Solicitor, with him *Israel K. Levy,* Assistant City Solicitor, *Jerome J. Shestack,* First Deputy City Solicitor, *James L. Stern,* Deputy City Solicitor and *Abraham L. Freedman,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE JONES, June 25, 1956:

The question in this case is whether the City of Philadelphia, in the trespass action here involved, waived its defense of liability for workmen's compensation when it did not formally raise the employer-employee relationship between it and the plaintiff's decedent until the plaintiff issued a mandamus execution to obtain satisfaction from the City of her judgment recovered against the City and the other defendants jointly.

The plaintiff is the widow and personal representative of Stanley A. Socha who died as a result of injuries received in a collision between a sanitation truck of the City, upon which he was riding, and an automobile operated by the original defendant, Ernest Metz. Metz joined Hugh F. Brown, the driver of the City's truck, and the City of Philadelphia as additional defendants. The original defendant's complaint against the City of Philadelphia, as additional defendant, alleged that the "collision was directly, proximately and solely due to the carelessness, recklessness and gross negligence of the servant, agent or employee of the addition defendant, City of Philadelphia, in operating its aforementioned motor vehicle" and that by reason thereof the "additional defendant, City of Philadelphia, is either solely liable to plaintiff, . . . jointly and severally liable to them with defendant, or liable to defendant . . . in whatever amounts defendant . . . may be held liable to plaintiff . . . on the causes of action declared by her . . . ."

Trial of the negligence issue and liability therefor was had which resulted in a jury's verdict for the plaintiff against all defendants jointly in the sum of $40,000. Motions for new trial filed by Metz and the City of Philadelphia were refused and judgment was entered on the verdict. No further motions were made, and no

appeal was taken by either the defendant or the additional defendant, City of Philadelphia. The plaintiff collected $15,000 from Metz's insurance carrier on account of her judgment and caused a writ of mandamus execution to issue against the City of Philadelphia for the balance of the judgment. The next day the City petitioned the court to quash the writ of mandamus execution and to have the judgment marked satisfied of record as to it. A rule was entered on the plaintiff to show cause why the prayers of the petition should not be granted, all proceedings against the City on the judgment to stay meanwhile.

Paragraph 2 of the City's petition to quash the writ, etc., averred "That at the time of the alleged accident, the said Stanley A. Socha, deceased, was in the employ of the City of Philadelphia as a helper on its said garbage truck, as will more fully appear in the Notes of Testimony filed in this case, which are herein incorporated by reference and made a part hereof." The notes of the testimony taken at the trial of the trespass action plainly reveal that, at the time the plaintiff's decedent received his mortal injury as a result of the collision, he was an employee of the City acting in the course of his employment.

For answer to the above-quoted averment of the City's petition to quash, the plaintiff merely averred argumentatively that "the allegations of paragraph two of the petition are irrelevant and immaterial for reasons hereinafter more fully set forth in this answer to said petition; that this proceeding by way of petition to quash the mandamus execution and to cause judgment against the City of Philadelphia to be marked satisfied is improper and without authority or warrant in law."

Within some three weeks of the accident, the City forwarded to the attorney for the plaintiff a compensa-

tion agreement to be executed by her and filed with the Pennsylvania Workmen's Compensation Board which the plaintiff refused to sign. The plaintiff's answer admitted these facts but endeavored to obviate their effect by pleading her own legal conclusions.

It is the City's contention that the plaintiff's decedent and the City were subject to the Workmen's Compensation Act; that the plaintiff could not maintain a separate action of trespass against the City; that the joinder of the City as an additional defendant was permissible only to the original defendant to protect his right of contribution from the City in the event they were held jointly liable for the accident; and that, in such circumstances, action by the City to have the judgment against it marked satisfied upon payment of its liability for compensation is the appropriate and only available procedure open to the employer City.

On the other hand, the plaintiff contends that the City's action is a collateral attack on the judgment entered against it and an effort to litigate and raise a defense of "limited liability" which could and should have been raised in the pleadings or at the trial of this matter or by way of a motion for judgment n.o.v. or any other proper proceeding within the term of court. In short, the plaintiff argues that the City waived its defense of liability for workmen's compensation.

The court made the rule absolute and ordered (1) that the writ of mandamus execution be quashed and (2) that the judgment entered in favor of the plaintiff be satisfied of record as to the City of Philadelphia upon payment by the City to the plaintiff of a sum equal to the aggregate amount allowable by the Workmen's Compensation Act for the death of her husband. The plaintiff brought this appeal.

The appellant's contentions are without merit and obviously stem from a fundamental misconception of

the effect of liability for workmen's compensation where applicable.

An employer's liability to his employee for compensation under the Workmen's Compensation Act for injuries received by the employee in the course of his employment is not a *"limited liability"* as the appellant mistakenly terms it. It is the *whole* liability under the parties' statutory agreement to be bound by the provisions of the Act, and, where such an agreement exists, the injured employee has no other right of action. By virtue of the Compensation Act, an employee's common law right to damages for injuries suffered in the course of his employment as a result of his employer's negligence is completely surrendered in exchange for the exclusive statutory right of the employee to compensation for all such injuries, regardless of negligence, and the employer's liability as a tortfeasor under the law of negligence for injuries to his employee is abrogated: *Swartz v. Conradis,* 298 Pa. 343, 346, 148 A. 529. In the *Swartz* case it was said that "When the statutory employer accepts article III [of the Compensation Act] he is relieved of all liability for compensation at common law. Section 303 makes the 'agreement [referred to in Section 302] operate as a surrender by the parties thereto of their rights to any form or amount of compensation . . . or to any method of determination thereof, other than as provided in article III of this act.' " See, also, *Staggers v. Dunn-Mar Oil & Gas Co.,* 312 Pa. 269, 274, 167 A. 785. It is plain enough, therefore, that there is no need for a "limited liability" defense or any other defense to a nonexistent right of action.

There is a conclusive presumption under the Workmen's Compensation Act that the parties to every contract of hiring agree to be bound by the Act unless at the time of the making, renewal or extension of such a contract one or the other of the parties, by express

statement in writing, rejects the provisions of the Act. And, the burden of proving that the Act is not applicable in any given instance is upon the party so asserting: *Swartz v. Conradis,* supra. Here, the relationship of employer and employee between the City of Philadelphia and the plaintiff's decedent is admitted and is fully established by the record which also discloses that the employee received his fatal injuries while in the course of his employment by the City. The presumption is therefore conclusive that the provisions of the Workmen's Compensation Act are applicable, no written rejection of the Act, as the statute specifies, having been offered or even intimated. Indeed, the City is not permitted by law to reject the provisions of the Act. Section 302 (a) of The Workmen's Compensation Act provides that "It shall not be lawful for any officer or agent of this Commonwealth, or for any county, city, borough, or township therein, or for any officer or agent thereof, or for any other governmental authority created by the laws of this Commonwealth, to give such notice of rejection of the provisions of this article to any employe of the State or of such governmental agency."

It necessarily follows that the sole procedure available to the plaintiff for the recovery of damages from the employer for her husband's death from injuries received in the course of his employment was by virtue of the Workmen's Compensation Act and by that alone.

It so happens, however, just as in the instant case, that an employer may be required to defend his employee's trespass action for personal injuries received in the course of his employment when the employer is summoned as an additional defendant or is sued jointly with another for such injuries. But, that procedure is for the sole and exclusive purpose of protecting the original or third-party defendant's right of contribution from the employer and does not ascribe to the em-

ployee or his representative a common law right against his employer for damages for injuries suffered in the course of his employment. Such was plainly recognized by this court in *Maio v. Fahs,* 339 Pa. 180, 14 A. 2d 105.

In *Maio v. Fahs,* supra, the plaintiff was an employee of the additional defendant who had been brought upon the record by the original (third-party) defendant on the allegation that the employer was "severally with him, or alone, liable to the plaintiff for the cause of action declared on in the said suit." In approving the holding of the court below, Mr. Justice MAXEY, speaking for this court, said "though plaintiff [employee] could not issue execution or other process to collect her judgment from [the employer], . . . equitable considerations required the entry of judgment against all the defendants in order that [the original defendant's] right to contribution from his joint tortfeasor, [the employer], as determined by the jury's verdict, should not be lost or nullified: [citing cases]."

After judgment had been entered against the defendant employer in *Maio v. Fahs,* supra, the employer challenged it on the ground that the plaintiff's exclusive remedy for the wrongful death of her husband, the employee, was under the Workmen's Compensation Act. While the employer was held to be properly a defendant in the judgment in the employee's suit because of the original defendant's right of contribution from the defendant employer, the plaintiff, representing the deceased employee, had no right to collect from the employer on account of the judgment. As to that, this court left no doubt when it said that "It would be repugnant to the letter and spirit of the Workmen's Compensation Act and would frustrate its purposes to hold that an employer who brings himself within the Act could notwithstanding that fact be held liable to the payment of a judgment obtained by an employee

against him as an additional defendant and against an original defendant, after both had been adjudged guilty of negligence resulting in the death of that employee."

The ruling in *Maio v. Fahs,* supra, was followed and applied in *McIntyre v. Strausser,* 365 Pa. 507, 76 A. 2d 220, which laid down a further procedural step, namely, that the fact that one of the defendants was the plaintiff's employer and, consequently, liable for workmen's compensation was not to be disclosed to the jury at the trial of the negligence action. The rationale of this ruling is obvious upon a moment's reflection. It would be highly prejudicial to a plaintiff employee in his action for damages for negligence for one of the defendants to show that he was liable to the plaintiff for compensation. Such proof would be likely to work to the advantage of the non-employer defendant by way of a reduced verdict.

When the plaintiff in the instant case sought to execute upon the judgment against the City in the trespass action, the City moved promptly to interpose its liability for workmen's compensation as a bar to the judgment. It is of no moment to the rights of the plaintiff that the City could have moved earlier to have the judgment marked satisfied as to it.

In *McIntyre v. Strausser,* supra, the plaintiff was an employee of one of the defendants. He received the injuries for which he claimed damages while he was a passenger in his employer's car which collided with another automobile. The suit was against the employer and the driver of the other vehicle. The employer filed an answer averring that the plaintiff was his employee at the time of the accident and that his only recourse against the employer was under the Workmen's Compensation Act. The employer was not permitted, however, to introduce any proof at trial of the existence of the employer-employee relationship. A verdict was

returned in favor of the plaintiff and against the employer, alone, who filed a motion for judgment n.o.v. on the ground that he was liable to the plaintiff for compensation only. The lower court denied the motion, explaining that "It is our opinion that an order should be made refusing the defendant [employer's] motion for judgment N.O.V., without prejudice, and with the right to file a petition—and obtain a rule on the plaintiff to show cause why the judgment should not be satisfied of record." On appeal, the late Mr. Justice STEARNE, speaking for a unanimous court, observed that "On motion for judgment n.o.v. by the employer-defendant, which was refused by the court in banc, the court said: 'Before the trial commenced, and during trial, conferences were held in chambers between counsel and the Trial Judge . . . , who directed that, pursuant to his interpretation of the law expressed in *Maio, Exrx., v. Fahs et al.,* 339 Pa. 180, the claim that plaintiff was an employee of [the one defendant] *was not to be disclosed to the jury,* and that the case would be tried simply on the evidence that he was a passenger in [the employer's] car.' " The opinion for this court then went on to state that "Since it is clear that the employer-defendant at the trial was properly precluded from establishing the facts concerning the employer-employe relationship, we agree with the learned court below that the proper procedure is for the employer-defendant to rule the plaintiff to show cause why the judgment should not be satisfied of record. See *Maio, Exrx., v. Fahs et al.,* [supra]."

*McIntyre v. Strausser* plainly teaches that, in an action by an employee against his employer and a third party for damages for injuries due to negligence, the employer-employee relationship is not to be pleaded. As is well known, the intended role of a pleading is to forecast what the pleader hopes to prove at trial, there-

by putting his opponent on notice of what the latter will have to meet; and, thus, the issues are defined: Goodrich-Amram Civil Practice, §1019-1. It would be utterly vain to require a litigant to plead something which, as a matter of law, he will not be permitted to prove or read into evidence at trial. And it would be worse than vain to impale a litigant for not having averred what must not be disclosed to the jury.

The City waived nothing in respect of the exclusiveness of its liability for workmen's compensation. It asserted the relationship of employer and employee between it and the plaintiff's decedent as soon as the plaintiff sought to collect from the City on the judgment in the trespass action. Prior to the entry of judgment against the City, it could not have set up its statutory liability as a bar to the plaintiff's common-law claim. Nor, when the case went to the jury, could it mention its economic relationship with the defendant: see *McIntyre v. Strausser*, supra. And, even after verdict, the City could not move for judgment n.o.v. on the ground of the employer-employee relationship. Both the *Maio* and *McIntyre* cases, supra, so held. It follows, therefore, that when the City moved to quash the writ of mandamus execution, within a day of its issuance, it acted timely to offset the judgment for which it was not liable in law to the plaintiff. Not possibly can the City be held to have waived a right, which it was not theretofore called upon or permitted to assert, even assuming the right was municipally waivable.

Nor was the employer's motion to quash the writ of execution in any sense a collateral attack on the judgment, as the appellant erroneously argues. The City has never assailed the validity of the judgment but merely contends that it imposes no liability on the de-

fendant employer so far as the plaintiff is concerned. When a judgment at law has no standing as an enforceable liability of the one against whom it is entered, the equity powers of the court are called into play to the end that execution on the judgment be denied and that it be marked satisfied. The equitable procedure for relieving against a judgment regular on its face, even out of term time, was fully set out by Mr. Justice LINN in *Anstine v. Pennsylvania Railroad Company*, 352 Pa. 547, 551, 43 A. 2d 109. While that case was not concerned with the defendant's freedom from liability to the plaintiff for the judgment at law because of exclusive liability for workmen's compensation, the principle is nonetheless the same. It was the procedure envisioned in *Maio v. Fahs*, supra, which, in turn, became the course expressly approved in *McIntyre v. Strausser* where we said that "we agree with the learned court below that the proper procedure is for the employer-defendant to rule the plaintiff to show cause why the judgment should not be satisfied of record."

In the instant case, the learned court below, having assumed to exercise its equitable powers in the premises, conditioned the satisfaction of the judgment on the City's paying to the plaintiff the aggregate amount of the award she would have received had she proceeded against the City under the provisions of the Pennsylvania Workmen's Compensation law. That was truly an act of grace. Under advice of her counsel, the plaintiff had refused to enter into an agreement with the City for the payment of the compensation due her, and the year within which such a claim would by law have had to be made has long since past. The action which the learned court below took in this regard was at the instance of the City which has not appealed and stands ready to pay the award.

Had the plaintiff based her claim of right to the judgment against the City on the ground that, at the time of her husband's fatal injury, he was not acting in the course of his employment as an employee of the City (and, consequently, that she was entitled to hold the City as an ordinary tortfeasor), she could have had the pertinent issue of fact duly litigated by directly traversing the City's averments to the contrary in its petition to quash the writ of mandamus execution and could, thereupon, have had that matter determined at a judicial hearing. Instead of so doing, however, the plaintiff deliberately chose to shun a finding as to the only possible issue of relevant fact and bottomed her claim on the finely spun legal argument, which we have already disposed of, that the City had waived its statutory freedom from common law liability to its employee for negligence.

Order affirmed.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

I must dissent because (1) I disagree with some of the facts stated in the majority opinion, and (2) with its interpretation of two prior decisions of this Court, and (3) because, without any compelling statutory or decisional authority, it produces injustice.

I disagree with the majority's statement that "The record . . . discloses that the employe received his fatal injuries while in the course of his employment by the City." In the first place that question was never raised by the City either in its pleadings, or at the trial, or at any time until long after a verdict had been obtained against it and judgment entered thereon; and in the second place the majority's conclusion is, at best for the City, merely an inference from the evidence

which, under proper instructions, would be a question of fact for the jury.

If an action in trespass is brought solely against a City or any other employer who has Workmen's Compensation, the defendant is required to plead or to affirmatively defend on the ground of Workmen's Compensation: *Anderson v. Carnegie Steel Co.*, 255 Pa. 33, 99 A. 215; *Walters v. Kauffman Department Stores, Inc.*, 334 Pa. 233, 5 A. 2d 559; *Butrin et al. v. Manion Steel Barrel Co. et al.*, 361 Pa. 166, 63 A. 2d 345. See to the same effect: *Venezia v. Philadelphia Electric Co.*, 317 Pa. 557, 177 A. 25; *Welsch v. Pittsburgh Terminal Coal Corp.*, 303 Pa. 405, 154 A. 716.

If a City is joined as an additional defendant and wishes to limit its liability to Workmen's Compensation, all the hitherto decided cases have likewise required that that defense be raised in the pleadings or at the trial, or that a point be reserved by the employer at the trial, for a subsequent determination of that issue: See cases hereinabove cited and *Maio v. Fahs*, 339 Pa. 180, 14 A. 2d 105; *McIntyre v. Strausser*, 365 Pa. 507, 76 A. 2d 220. This is fair and just because it enables plaintiff to meet the defense and prove (if able) that he was not covered by Workmen's Compensation for any one of several reasons including, inter alia, that he was not employed by the City or that he was not in the course of his employment at the time of the accident. To hold that the *Maio* and *McIntyre* cases support the present majority opinion is, I believe, erroneous.

Under the majority's theory, I cannot see how it will be possible for a Judge to *accurately* charge the jury if the additional defendant has Workmen's Compensation and "the issue of plaintiff's employment or outside the course of his employment" is raised. The majority believe, no matter how it is attempted to be

disguised, that the defense of Workmen's Compensation can never be waived and it is never too late to raise it. With this, I cannot agree. I believe the defense of Workmen's Compensation is like fraud or the statute of limitations or any other affirmative defense—like them it must be raised by the employer, and like them it can be waived; and it will be waived unless properly and timely raised by the defendant. Furthermore, why should there be any distinction in reason, logic or principle between a case where an employer was sued singly or with another defendant, so far as the raising of the affirmative defense of Workmen's Compensation by the employer is concerned?

In the present case, we repeat, the issue of Workmen's Compensation was not raised by the pleadings; and it was not raised by the City either in its pleadings or by a proper and timely motion at trial, or by the reservation of a right to raise the question, or to litigate the issue in a subsequent proceeding; it was raised by the City for the first time, after a verdict and judgment had been entered against it and after time for appeal had expired, viz., more than 90 days after the judgment had been entered.

The effect of the majority opinion is that (a) the City, years after a judgment has been entered against it, may, if it then alleges Workmen's Compensation liability, have the judgment against it marked satisfied of record; and (b) the issue of whether the plaintiff was covered by Workmen's Compensation i.e. was in the course of his employment at the time of the accident can, in the present case and others like it, never be tried. This is not good law and it certainly is not justice.

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

On August 3, 1953, Stanley A. Socha, an employe of the City of Philadelphia, while riding in a truck belonging to the City, was killed when a car operated by one Ernest Metz collided with the truck. The administratrix of Socha's estate brought an action in trespass under the Wrongful Death statute against Metz who, in joining the driver of the City's vehicle and the City as additional defendants, charged that the collision was due to the negligence of the City and that, therefore, the City was either solely or jointly and severally liable.

The plaintiff recovered a verdict of $40,000 against all defendants. The Trial Court refused the motions for a new trial filed by Metz and the City, and judgment was entered on the verdict. The plaintiff collected $15,000 from Metz's insurance carrier and then issued a writ of mandamus execution against the City of Philadelphia for $25,000. The City resisted the writ and filed a petition for a rule to show cause why the judgment should not be satisfied of record, asserting that since Socha was a City employee, the plaintiff could receive no more than was allowable to her under the Workmen's Compensation Act. The Court of Common Pleas of Philadelphia County sustained the rule and ordered the writ quashed upon payment by the City to the plaintiff of the amount prescribed by the Workmen's Compensation Act.

In the light of its later resistance to the claim of the plaintiff, it is strange that at no time during all the lengthy proceedings prior to the issuance of the writ of mandamus execution, did the City raise the defense of Workmen's Compensation. At the time of the trial, and prior thereto, counsel for the plaintiff notified City counsel that he excluded the applicability of the Workmen's Compensation Act to the facts in this

case. The City apparently accepted this thesis as correct and offered, in settlement of its share of the responsibility, the amount of $7500, which was in excess of the amount payable as workmen's compensation.

May a party defendant in a common law action withhold the expression of a clear defense throughout all the proceedings only to raise it after the litigation has terminated? I do not think so, nor do I believe that the precedents of this Court justify such a procedure. In the case of *Opening of Parkway,* 267 Pa. 219, 226, this Court said: "When a judgment has been obtained against a municipality, it cannot in subsequent proceedings to collect the adjudicated debt, enter defense on the merits."

In the case of *Goldstein v. Ahrens,* 379 Pa. 330, 334, this Court said: "When a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered and not reversed on appeal is, as between the parties to the suit and their privies, final and conclusive with regard to every fact which might properly be considered in reaching a judicial determination and with regard to all points of law adjudged as those facts and points of law relate directly to the cause of action in litigation."

I do not believe that the City's contention, that its liability is a collateral issue which did not merge in the judgment, is supportable in law. The City could have raised the defense of the applicability of the Workmen's Compensation Act by preliminary objection (Pa. R.C.C.P. 1017, 2 Anderson Pa. Civ. Pract. 329); by pleading it as an affirmative defense (Pa. R.C.C.P. 1030, 2 Anderson Pa. Civ. Pract. 452); by motion during the course of the trial, or by appropriate motion after the trial. The City's failure to raise the defense it now interposes cannot be excused on the ground that

the plaintiff's original complaint did not join the City, as will be seen later.

The majority of this Court see in the cases of *Maio v. Fahs,* 339 Pa. 180, and *McIntyre v. Strausser,* 365 Pa. 507 a vindication of the City's position. I do not so read those cases. In my view they are completely distinguishable from the situation at bar. In *Maio v. Fahs* the defense of the applicability of the Workmen's Compensation Act was fully preserved at the trial and before the ending of the term of Court. Even before the trial the parties had entered into an agreement under the Workmen's Compensation Act and so stipulated in Court. It was, in fact, because of this stipulation that the Court declared: "The widow's only right to recover against her husband's employer, Turner & Westcott, Inc., is the right given her under that act, *for* on August 23, 1937, Turner & Westcott (quoting from the stipulation) 'entered into an agreement for compensation for death in accordance with the Workmen's Compensation Act of Pennsylvania,' which agreement is still in force and being complied with by the parties."

"This finding and the judgment entered thereon is of no benefit to the plaintiff as against Turner & Westcott, Inc., *for* plaintiff's recovery against this additional defendant is limited by the compensation agreement." (Emphasis supplied).

In the case of *McIntyre v. Strausser,* the alleged employer filed an answer specifically averring his liability to be under the Workmen's Compensation Act only. At the trial the plaintiff challenged the validity of a Workmen's Compensation agreement entered into with the defendant, on the ground that it had been obtained by fraud and misrepresentation. The Trial Court ruled that the dispute over the validity of the agreement was to be held in abeyance until further proceedings were had. In approving this action, we said: "On motion

for judgment n.o.v. by the employer-defendant, which was refused by the court in banc, the court said: 'Before the trial commenced, and during trial, conferences were held in chambers between counsel and the Trial Judge (this opinion writer), who directed that, pursuant to his interpretation of the law expressed in Maio, Exrx. v. Fahs et al., 339 Pa. 180, the claim that plaintiff was an employee of Sortino was not to be disclosed to the jury, and that the case would be tried simply on the evidence that he was a passenger in Sortino's car.'

"In dismissing the motion, the court also said: 'It is our opinion that an order should be made refusing the defendant Sortino's motion for judgment N.O.V., without prejudice, and with the right to file a petition—and obtain a rule on the plaintiff to show cause why the judgment should not be satisfied of record."

It is thus to be noted that in the *Strausser* case the issue of the applicability of the Workmen's Compensation Act was at all times before the Court, that the reservation of that defense was protected on the record, that the recorded judgment was specifically stated to be without prejudice to the defendant's right to challenge the same later, and that the limitation on the judgment was entered within the same term of Court.

In contradistinction to the facts in the *Strausser* case the City here slept on its right to introduce the defense of the Workmen's Compensation Act, and in doing so, ran counter to the usual practice of additional defendant-employers who assert, as soon as they are brought into litigation, the asserted barrier of the Workmen's Compensation Act.*

---

* *Zachrel v. Universal Oil Products Company*, 355 Pa. 324; *Jackson v. Gleason*, 320 Pa. 545; *Venezia v. Philadelphia Electric Company*, 317 Pa. 557; *Welsch v. Pittsburgh Terminal Coal Corp.*, 303 Pa. 405; *Murray v. Lavinsky* 120 Pa. Superior Ct. 392.

In the instant case the City well knew that it was the plaintiff's contention that the Workmen's Compensation Act did not apply. In fact, the plaintiff refused to sign the compensation agreement submitted by the City and, as already stated, the City later offered to pay the plaintiff $7500 which must necessarily have been in settlement of the *common law action* since it was in excess of the Compensation Act benefits. Why did the City not proclaim these facts in the pleadings and throughout the course of the litigation? Why did it fail to put the plaintiff on notice that it was refuting her contention about the non-applicability of the Act?

The Majority says in its Opinion that there is a "conclusive" presumption that the Workmen's Compensation Act was applicable to this case because "the relationship of employer and employe between the City of Philadelphia and the plaintiff's decedent is admitted and is fully established by the record which also discloses that the employee received his fatal injuries while in the course of his employment by the City." But this observation entirely overlooks the factor that the question of course and scope of employment was never in issue in the trespass action, that it was never raised by the City, and that the plaintiff made no effort (nor was she obliged to make any effort) to prove that the Compensation Act was outside the orbit of the trespass case.

The Majority fears that if the plaintiff is permitted to succeed in this appeal, this in effect permits the City to reject the provisions of the Workmen's Compensation Act. But this is not a case where the employer is rejecting the provisions of the Act. It is only a case where the employer, by its own actions in failing to properly litigate the issue as to whether or not the Act applied, is now deemed to have concluded that the Act

was not applicable. It is a case where, having lulled the plaintiff into a situation of false security, the City may not avail itself of its own dereliction. When the City of Pittsburgh, or any municipal corporation, steps into a courtroom to controvert the claim of any citizen of the land, it wears no robe of infallible sovereignty, it carries no shield of immunity. It is a litigant pure and simple and, as such, is entitled to no special consideration or prerogative. Any other defendant in a case similar to the one at bar would be precluded after the termination of a lawsuit to introduce a defence which it had ignored throughout the interminable length of the litigation.

The Majority says also that including the City as an additional defendant in the lawsuit does not assure to the employee a common law right against his employer for damages suffered in the course of employment, but the plaintiff does not so contend. What the plaintiff does assert, and with fair-handed justice, is that where an employer is brought on the record as an additional defendant, the employer, if it intends to defend on the ground that its liability is solely under the Workmen's Compensation Act, should preserve its right to litigate that issue by promptly and properly raising it in the pleadings. There is no burden on the plaintiff to prove that the Act is not applicable unless the employer raises the issue. Certainly if the plaintiff had sued the City directly, the City would then have been bound to raise the issue. The fact that it was brought in as an additional defendant rather than as the original defendant does not change its obligations in the respect indicated. Chief Justice STERN made this clear in the case of *Sheriff v. Eisele,* 381 Pa. 33, 35, where he said: ". . . an additional defendant, when joined as such, becomes immediately subject to plaintiff's claim in every respect and with the same force

and effect as if he had been originally named as a defendant, and even without the necessity of any pleading being filed by the plaintiff against him: (Pa. R.C.P. 2255 (b))."

In its argument before this Court, plaintiff's counsel referred to the City's obligations under the Workmen's Compensation Act as a "limited liability." The Majority finds fault with this designation. But whether the employer's liability is whole or limited, the fact remains that the City failed to raise the issue of the Act and it should not be permitted to raise it at this late and last stage when execution of a properly won and duly recorded judgment is about to be effectuated. Chaos, confusion and crying complexity would engulf the records of our Courts if litigants were to be permitted, just as the books of any given case are to be put away, to ask for a reopening of the books, a rewriting of their contents, and a readjustment of all the intervening rights which have accrued while the losing party purposely slept and purposely ignored the processes of the law.

I see nothing in this case which should alter the principle so often enunciated by this Court, namely, "A judgment settles everything involved in the right to recover, not only all matters that were raised, but those which might have been raised." *Myers v. S. Bethlehem,* 149 Pa. 85, 91.

I accordingly dissent.