## George v. Chestnut Ridge Railway Company

*Jack E. Feinberg,* for plaintiff.

*L. Carter Anderson,* of *Rawle & Henderson,* and *William H. Bayer,* for defendant.

*Gordon W. Gerber,* of *Dechert, Price & Rhoads,* for additional defendant.

HEIMBACH, *P.J.,* October 5, 1976—Additional defendant objects to its joinder in this death and survival action, wherein defendant alleges as the employer of decedent it is liable to defendant for contribution or indemnity if the liability of defendant is established at trial. Its objection is predicated on the 1974 amendment of The Pennsylvania Workmen's Compensation Act of December 5, 1974, P.L. 782 (No. 263), sec. 6, 77 P.S. §481(b), which according to additional defendant is a procedural type amendment and prohibits the joinder of an employer by a defendant who is sued by the deceased employe's representative. Defendant disagrees and argues the amendment is a substantive one that may not be given retroactive effect.* Since the applicable law in effect at the time of the accident permits joinder, defendant says the preliminary objection must be dismissed. Additional defendant does not disagree that such was the law before the amendment; nor could it. See Socha v. Metz, 385 Pa. 632, 123 A. 2d, 837 (1956); Maio v. Fahs, 339 Pa. 180, 14 A. 2d 105 (1940).

---

*The Pennsylvania Consolidated Statutes of December 6, 1972, P.L. 1339 (No. 290), 1 Pa. C.S.A. §1926, provides that "[n]o statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly."

The question before us, according to defendant, is whether the amendment is construed to be retroactive. The question might well be: Does the amendment change the law as it existed prior to the amendment?

Had defendant raised the latter question, it could have cited Hefferin v. Stempkowski v. Duquesne Light Co., Inc., Common Pleas of Allegheny County, no. G.D. 75-23873, where the court found that the 1974 amendment to the Workmen's Compensation Act only applies and limits a joinder where injury or death to an employe is caused solely by a third party and does not affect cases where the injury is caused by an employer or by both the employer and a third party. As such, the amendment in question is simply declaratory of existing law. This case involved preliminary objections to a joinder of an employer as an additional defendant where the cause of action arose after the effective date of the amendment.

In disposing of this case without expressing our view on whether we would follow the Hefferin case, supra, we do hold that the amendment of 1974 acts prospectively only and is of a substantive nature and not procedural. We share the views expressed in the cases of Jacomino v. Pacor, Inc., Philadelphia Court of Common Pleas No. 1507, and Erceg v. Mechanical Services Co., Inc., et al., Court of Common Pleas of Lehigh County, No. 17, both cases holding the amendment to the Workmen's Compensation Act, 77 P.S. §481-b, does not bar the joinder of an employer as an additional defendant by a third-party defendant when the accident occurred prior to the effective date of said legislation. In accord: Brescia v. Ireland Coffee-Tea, Inc., 412 F. Supp. 488 (E.D. Pa., Civ. Div., 1976).

Wherefore we enter the following

### ORDER

Now, October 5, 1976, for the reasons stated, the preliminary objection of the New Jersey Zinc Company, a division of Gulf & Western Industries, Inc., additional defendant, is dismissed.