J-S75040-16

2017 PA Super 46

| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | | |
| SARAH KATHERINE MARKUN | | |
| Appellant | | No. 1009 EDA 2016 |

Appeal from the Judgment of Sentence March 1, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006444-2015

BEFORE: BOWES, MOULTON AND MUSMANNO, JJ.

DISSENTING OPINION BY BOWES, J.:        **FILED February 27, 2017**

I respectfully dissent from the majority's disposition of this matter. The statute in question, 35 P.S. § 780-113.7, drug overdose response immunity, was designed to encourage the reporting of drug overdoses in light of the current epidemic of heroin-related deaths. It indicates that a "person may not be charged **and** shall be immune from prosecution" for, *inter alia*, possession of a controlled substance if the person establishes that certain conditions are met. 35 P.S. § 780-113.7(a); 35 § 780-113.7(c). The majority focuses on the aspect of this quotation that pertains to immunity and concludes that Appellant waived application of 35 P.S. § 780-113.7 since she failed to raise the immunity position during the trial proceedings.

However, in my view, the first portion of the language in question implicates subject matter jurisdiction since it prohibits a person from being

charged at all. Notably, the statute states both that the person may not be charged and that the person is immune from prosecution. The majority focuses on the latter aspect of this provision but fails to analyze the import of the prohibition against charges being filed in the first instance.

It is settled that "challenges to subject matter jurisdiction cannot be waived." *Commonwealth v. Jones*, 929 A.2d 205, 210 (Pa. 2007).

> "Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. Jurisdiction is a matter of substantive law." *Midwest Financial Acceptance Corp. v. Lopez*, 78 A.3d 614, 627 (Pa.Super. 2013) (citation omitted). "By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought; and this is conferred by the sovereign authority which organizes the court, and is to be sought for in the general nature of its powers, or in authority specially conferred." *Mid–City Bank & Trust Co. v. Myers*, 343 Pa. 465, 469, 23 A.2d 420, 423 (1942) (citing *Cooper v. Reynolds*, 77 U.S. 308, 316, 19 L.Ed. 931, 932, 10 Wall. 308, 316 (1870)).

*Sheard v. J.J. DeLuca Co.*, 92 A.3d 68, 75 (Pa.Super. 2014).

While it is true that "the courts of common pleas have statewide jurisdiction in all cases arising under the Crimes Code," *Jones*, *supra* at 210, the language in question affirmatively **prohibits** a charge from being instituted. Thus, the language in question does not merely provide immunity, it prevents the prosecuting authority from filing a criminal action. I believe that the statement that a "person may not be charged" does pertain to the court's competency to hear the action because it renders the filing of a charge void and leaves the trial court without the authority to proceed to judgment.

- 2 -

Our Supreme Court's decision in **LeFlar v. Gulf Creek Indus. Park No. 2**, 515 A.2d 875 (Pa. 1986), is instructive. In **LeFlar**, the Court reversed our conclusion that the exclusivity clause of the Workmen's Compensation Act, was an affirmative defense that could be waived if not timely raised. Our Supreme Court held "that the Workmen's Compensation Act deprives the common pleas courts of jurisdiction of common law actions in tort for negligence against employers and is not an affirmative defense which may be waived if not timely plead. The lack of jurisdiction of the subject matter may be raised at any time and may be raised by the court sua sponte if necessary. Pa.R.C.P. 1032(2)." **Id**. at 879. Indeed, the Court has held that an employer did not waive the immunity from a negligence action provided by the Workmen's Compensation Act even though it was raised after the plaintiff attempted to execute on a judgment. **Socha v. Metz**, 123 A.2d 837 (Pa. 1956).

The exclusivity clause of the Workmen's Compensation Act states that the "liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes . . . ." 77 P.S. § 481(a). Our Supreme Court construed this wording as preventing subject matter jurisdiction from vesting in the court of common pleas. The language of § 481(a) is similar to that at issue herein. Just as a tort action may not be brought by an employee against an employer for work-related injuries under the exclusivity provision, a person cannot be charged under § 780-113.7

once its factual prerequisites are proven. If the exclusivity provision relates to subject matter jurisdiction, so must, in my view, § 780-113.7.

Further, our Supreme Court has held that immunity from suit is a defense that cannot be waived. ***McShea v. City of Philadelphia***, 995 A.2d 334 (Pa. 2010) (a political subdivision cannot waive its governmental immunity from tort liability by contract); ***In re Upset Sale of Properties***, 560 A.2d 1388 (Pa. 1989) (governmental immunity cannot be waived and can be raised for first time on appeal). Given the clarity of the language of § 780-113.7, which prohibits the filing of criminal charges and confers immunity upon a defendant from criminal action, its application should not be characterized as a waivable affirmative defense. It deprives the criminal courts of the ability to proceed with criminal charges and cloaks a criminal defendant with immunity that cannot be waived.

The record clearly establishes the facts necessary for application of § 780-113.7. A person cannot be charged with possession of a controlled substance and immunity from prosecution is conferred by this enactment if the following facts are present. First, someone "reported, in good faith, a drug overdose event," to, among other persons, "a law enforcement officer [or] the 911 system." 35 P.S. § 780-113.7 (a)(2). Second, the person who made the report did so based upon a reasonable belief that someone else needed medical attention to avoid death or serious bodily injury due to a drug overdose event. ***Id***. Finally, the reporting person must have "provided

his own name and location and cooperated with the law enforcement officer [or] 911 system" and then "remained with the person needing immediate medical attention until a law enforcement officer . . . or emergency services personnel arrived." *Id*.

A drug overdose event is defined in this statute. It is any "acute medical condition," which can include, but is not limited to, "severe physical illness" or a coma when the condition is the "result of consumption" of a controlled substance that causes an adverse reaction. 35 P.S. § 780-113.7(f). "A patient's condition shall be deemed to be a drug overdose if a prudent layperson, possessing an average knowledge of medicine and health, would reasonably believe that the condition is in fact a drug overdose and requires immediate medical attention." *Id*.

Section 780-113.7 further states that anyone "experiencing drug overdose events **may not be charged** and shall be immune from prosecution" so long as the reporting person cannot be charged and is entitled to immunity under § 780-113.7 (a)(2). 35 P.S. § 780-113.7(c) (emphasis added). The police can bring charges if they learned of a defendant's possession of heroin through other means.

Herein, Appellant was convicted of possession of a controlled substance when police found heroin in her handbag solely due to the reporting of an overdose event. The trial transcript substantiates the following. After finding Appellant unconscious in her room, housekeeping

employees of a Motel 6 telephoned 911. Officer Robert Loder of the Tinicum Police Department responded to the call and went to Appellant's room, where emergency medical personnel were already treating her.

Officer Loder reported that the housekeeping personnel remained just outside Appellant's room, and directed him inside. N.T. Trial, 3/1/16, at 6, 9. When Officer Loder overheard Appellant tell the medical providers that she had become unconscious due to the consumption of heroin, he recovered heroin from a bag in her room. Since the motel employees discovered Appellant in an unconscious state, they prudently concluded that she was suffering from an event requiring medical intervention, which could have resulted in serious bodily injury or death. That event was, in fact, caused by the consumption of heroin. The motel employees were immune from having criminal charges filed against them under § 781-113.7. Appellant concomitantly was entitled to application of 35 P.S. § 780-113.7(c). Appellant was convicted of an offense in a prosecution barred by statute. This blanket prohibition, in my view, rendered the trial court incompetent to render a verdict and a judgment of sentence in this matter.

Appellant's judgment of sentence should be vacated, and she should be discharged. Hence, this dissent.