## Wnek *v.* Boyle, Appellant.

Argued March 18, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*E. H. Bryant, Jr.,* with him *Wendell E. Warner,* and *Lutz, Fronefield, Warner & Bryant,* for appellant.

No argument was made nor brief submitted for appellees.

OPINION BY ARNOLD, J., December 5, 1952:

These actions of trespass arose out of a collision between an automobile operated by the additional defendant, Edward J. Wnek, in which the plaintiffs were passengers, and a motor vehicle operated by the defendant, Charles J. Boyle.

The defendant sought to join Wnek as an additional defendant liable solely to the plaintiffs, but the original complaint was filed and the additional defendant sought to be joined more than two years after the plaintiffs' cause of action arose. Therefore there could be

no joinder as to the additional defendant's sole liability, that action being barred by the statute of limitations: *Shaull v. A. S. Beck New York Shoe Co., Inc.,* 369 Pa. 112, 115, 85 A. 2d 698.

The question here is whether the defendant's amended complaint averred facts sufficient to base a finding of joint or concurrent liability. It clearly did not do so. The defendant asked the court in his amended complaint to take judicial notice of the facts and law contained in the original complaint of the plaintiffs. The principal difficulty with this form of pleading is that nothing in the plaintiffs' complaint suggested any negligence on the part of the additional defendant. The defendant then averred that "it is impossible to determine until the Plaintiffs' cases are tried, whether the said negligence of the Additional Defendant was either the sole cause or a major contributing cause of the collision and of any injuries . . . sustained by the said Plaintiffs, and accordingly avers that the said negligence . . . was either the sole cause or a major contributing cause . . ."; and that he "desires to protect his right of contribution in the event that . . . [defendant] be found to have been jointly or concurrently negligent with" additional defendant.

The lower court again dismissed defendant's complaint on the ground that he failed to aver facts upon which a finding of joint or concurrent liability might be based, i.e. did not state a cause of action. If properly pleaded, he does have such a right of joinder, for the statute of limitations begins to run on his right of contribution or indemnity only from the time judgment is entered: *Moscon et ux. v. Philadelphia,* 147 Pa. Superior Ct. 251, 256, 24 A. 2d 30; *Carlin v. Pennsylvania Power and Light Company,* 363 Pa. 543, 70 A. 2d 349. But it is necessary that the defendant aver facts in his complaint against the additional defend-

ant, showing that the additional defendant is so liable, and, as we have said, if the facts averred establish only sole liability of the additional defendant to the plaintiffs, the defendant cannot sustain the joinder, since the suit by the plaintiffs against the additional defendant is barred by the statute of limitations.

Under Pa. R.C.P. 1020 (c) defendant may state alternative liabilities and this without constituting an admission of any liability on his part. See *Srednick v. Sylak,* 343 Pa. 486, 23 A. 2d 333. But he must plead facts to support his theories, and the mere averment of the conclusion does not take the place of a factual pleading. Where the plaintiffs' complaint sets forth nothing on which to predicate the liability of the additional defendant, a mere reference to and request that the court take judicial notice of the plaintiffs' original complaint is of no avail. See *Zachrel v. Universal Oil Products Company,* 355 Pa. 324, 49 A. 2d 704, and *Carlin v. Pennsylvania Power and Light Company,* 363 Pa. 543, 70 A. 2d 349.

The defendant places much reliance upon the decision in *Rau v. Manko,* 341 Pa. 17, 17 A. 2d 422, but that case is distinguished in *Zachrel v. Universal Oil Products Company,* supra, at page 328, et seq.: "The Rau case expressly recognized that it is after the defendant has averred '. . . the facts constituting the transaction declared on by the plaintiff . . .' that the pleader is permitted '. . . to state [consequent] legal conclusions in the alternative' . . . Nowhere was it suggested in the opinion in the *Rau* case that it is not incumbent upon a defendant, when moving for the joinder of an additional defendant, to aver facts sufficient, if proven, to support a finding of the liability alleged. A bald allegation that an additional defendant is jointly liable with the defendant is, at best, '. . . a mere conclusion of law and amounts to nothing as a pleading.' "

226

The order of the court below dismissing the complaint as against the additional defendant is affirmed.