## Stoltz v. Carroll

*Robert J. Cassidy*, for plaintiff.

*Yost & O'Malley*, for defendant.

*Eugene A. Creany* and *John P. Lantzy*, for additional defendants.

McDONALD, J., February 9, 1962.—Edward James Skebeck, while riding as a passenger in an automobile operated by Edward Harry Carroll on November 29, 1959, was instantly killed in an accident. Letters of administration were granted to Frances Ann Stoltz, who, as administratrix of the estate of decedent, filed an action in trespass against defendant, Edward Harry Carroll, on November 29, 1960. The complaint was served on defendant December 5, 1960.

On January 23, 1961, defendant filed writs to join, as additional defendants, Ernest Rescinito and Bernetta Rescinito, trading and doing business as Ernie's Bar & Grille, and Frank Wasylko, trading and doing business as a bar and grille commonly known as Crummy's, also known as New Deal Cafe. According to the sheriff's return, the last mentioned writ was served January 31, 1961, on Frank Wasylko, personally, trading and doing business as aforesaid at the said business premises in Spangler, Cambria County, and on May 17, 1961, the complaint was served with the same return being made. On November 3, 1961, the sheriff's returns were amended to show that the aforesaid writ and complaint had been served on Frank Wasylko by handing "to a man known as Crummy, personally, an adult person, at his place of business known as Crummy's, otherwise New Deal Cafe . . ." By stipulation, it is agreed the person upon whom the papers had been served was John Fedelchick, also known as Crummy, one of the persons defendant seeks to join as an additional defendant.

The fictitious names registration docket in the office of the Prothonotary of Cambria County indicates the

New Deal Cafe was owned and operated by a Frank Wasylko, who is named as additional defendant in the writ and complaint which was served as aforesaid.

According to the records of the quarter sessions court, a criminal action for violation of the liquor laws, which arose from the accident, was filed against John Fedelchick. He is identified in the indictment as "being a licensee (or an officer or servant, agent or employee of the licensee)."

After the statue of limitations and time within which an additional defendant could be joined had expired, counsel for defendant learned through counsel for John Fedelchick that the writ had, in fact, been served upon Mr. Fedelchick rather than Frank Wasylko, who was no longer owner and operator of the tavern known as Crummy's and the New Deal Cafe.

Defendant immediately filed a petition for a rule to show cause why John Fedelchick should not be substituted as additional defendant in place of Frank Wasylko. At the hearing on this rule, it was disclosed that, in fact, Catherine Fedelchick, wife of John Fedelchick, was the real owner and operator of the aforesaid tavern and Mr. Fedelchick was only an employe.

At the suggestion of the court, a petition was then filed by defendant asking leave to join John Fedelchick and Catherine Fedelchick as additional defendants nunc pro tunc. Preliminary objections were filed by John Fedelchick, averring that he was never a party to the action as shown by the original sheriff's return, and was not served in accordance with Rule 1009, Pennsylvania Rules of Civil Procedure. These objections were argued before the court en banc.

Rule 2253, Pa. R. C. P. provides:

"Neither praecipe for a writ to join an additional defendant . . . shall be filed by the original defendant or an additional defendant later than sixty (60) days

after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

This rule requires that an additional defendant be joined within 60 days of the date on which defendant is served with a copy of the initial pleading. However, this time may be extended upon cause shown. Ordinarily, the time will not be extended if to do so will prejudice the moving party. In the case at bar, plaintiff has offered no objection to an extension and no prejudice appears.

It would appear in view of the amended returns and the stipulation that Mr. Fedelchick was served with the writ and complaint within the 60-day period of limitations under rule 2253, Pa. R. C. P. However, under the pleadings, he was not a party. Therefore, in order to join him nunc pro tunc as an additional defendant, it would be necessary to amend defendant's pleadings and also the sheriff's return. However, since it has been admitted Mr. Wasylko has not been owner and operator of the tavern for many years and Catherine Fedelchick is, we would be faced with these queries: Was John Fedelchick served as (1) an individual party, (2) the owner and operator of the tavern, which at a later hearing on a previous rule was disclosed to be erroneous, or, (3) was this actually service upon Catherine Fedelchick, the real owner. If the first, then additional service would have to have been made upon Catherine Fedelchick, and this does not appear in the sheriff's return. If the third, then another service would have to have been made upon John Fedelchick as an individual, and this does not appear in the return. Thus, we cannot conclude from the pleadings or the original and amended returns of the service that John Fedelchick is a party, erroneously designated as "Frank Wasylko."

Under the original and amended returns of the sheriff, there is no service upon Catherine Fedelchick as owner and operator of the tavern, unless, as stated above, we conclude the service upon "Crummy" as indicated in the amended return was, in fact, upon Catherine Fedelchick as owner and operator of the tavern. This would be rather difficult to do, since apparently the liability of Catherine Fedelchick is predicated upon the action of her employe, John Fedelchick, and no averment of agency appears. Thus, we must conclude she is not, at this time, a party.

Since the complaint joining additional defendant "Frank Wasylko" avers sole liability, as well as in the alternative joint and several liability, to now allow a joinder of John and Catherine Fedelchick nunc pro tunc would, in effect, change the cause of action by adding new parties and thus effect an amendment of plaintiff's pleadings. Such a result cannot be accomplished after the statute of limitations has run: Wnek v. Boyle, 172 Pa. Superior Ct. 222; Shaull v. Beck New York Shoe Co., Inc., 369 Pa. 112.

While the bar of the statute of limitations must be preserved as a valid defense against plaintiff's claim, it is of no consequence when considering additional defendants' duty of contribution to defendant in event of an adverse verdict. Thus, while sole liability may not be asserted after the statute has run, since it relates to the cause of action between plaintiff and additional defendant, liability over or joint and several liability may be, since they relate to the duty of contribution arising from a distinct action between defendant and additional defendant. Thus, on the latter theory, an additional defendant may be joined after the statute of limitations has run on the original action: Carlin v. Pennsylvania Power and Light Company, 363 Pa. 543; Shaull v. Beck New York Shoe Co., Inc., supra; Wnek v. Boyle, supra.

While we must refuse to allow a joinder nunc pro tunc of the Fedelchicks as additional defendants, we are satisfied the circumstances are such that an extension of time may be granted under rule 2253 within which they may be joined on the theory of liability over or joint and several liability.

In our opinion, defendant, having acted promptly within the time allowed to join an additional defendant, was prejudiced by misleading court records upon which he relied to establish identity of the responsible party or parties.

If the sheriff, at the time of the service of the writ, had ascertained the name of the person being served and had made a return that there was no such person, it would have been immediately apparent that the responsible parties were not named in the writ. Upon learning this, defendant could have issued another writ to join the Fedelchicks within the 60-day period. Instead, secure in the belief that the return was accurate, which belief was supported by the erroneous fictitious name registration, defendant did nothing. To now say that he is precluded from joining the Fedelchicks when at least one of these had been physically served with the writ and complaint, and presumably would have consulted his wife-employer, would be unjust. John Fedelchick, having been prosecuted for violation of the liquor laws arising from the accident in which decedent met his death, must have been well aware of the import of the papers served. That he retained counsel is evidence of this. He and his wife, Catherine, also knew that "Frank Wasylko" was not the owner of the tavern.

In view of the fact the business was operated by Catherine Fedelchick under a fictitious name and the registration of that name in the office of the prothonotary misled defendant by not disclosing her status, it is our opinion defendant should not be the one to suffer from the comedy of errors which resulted.

While we agree there may have been no duty on the part of the Fedelchicks to disclose the erroneous service and invite suit, it is unimportant in deciding the equities here, since the faulty service occurred as a result of the sheriff's failure to ascertain the identity of the party served.

We conclude, however, there was a responsibility on Catherine Fedelchick to correctly register the fictitious name under which she operated the business: Act of May 24, 1945, P. L. 967, sec. 1, as amended, 54 PS §28.1. It would be grossly unfair to now hold that she should benefit from her failure to comply with the aforesaid act which was designed to protect against such errors as occurred here.

While we have concluded that respondents may not be joined nunc pro tunc as additional defendants, the trial of this case should not be longer delayed, and, therefore, defendant is directed to amend his petition by requesting an extension of time to join the Fedelchicks as additional defendants under rule 2253 of the Pennsylvania Rules of Civil Procedure. An extension of 30 days from the date of this order to join them as additional defendants will be granted, unless defendant fails to file an amendment to the petition so requesting within 20 days.

### Order

Now, February 9, 1962, upon consideration of the record and briefs, the preliminary objections are sustained, unless within 20 days from the date hereof, defendant files an amendment to his petition requesting an extension of time under rule 2253, Pennsylvania Rules of Civil Procedure, within which to join John Fedelchick and Catherine Fedelchick as additional defendants: In event the amendment is filed, an extension of 30 days from the date hereof is allowed.