### David BROWNE

### v.

### WHEEL–HORSE PRODUCTS, INC.

### v.

### WESTERN MONTGOMERY COUNTY AREA VOCATIONAL TECHNICAL SCHOOL.

Civ. A. No. 75–1755.

United States District Court,
E. D. Pennsylvania.

Feb. 17, 1976.

John F. McElvenny, Philadelphia, Pa., for plaintiff.

James D. Wilder, Philadelphia, Pa., for defendant Wheel-Horse.

Nathaniel P. D'Amico, Philadelphia, Pa., for 3rd Party Western Montgomery County.

### MEMORANDUM

LUONGO, District Judge.

On June 19, 1975, plaintiff sued defendant, Wheel-Horse Products, Inc., for personal injuries sustained in an accident which occurred on June 20, 1973. Plaintiff charged negligence and violation of § 402A Restatement (Second) Torts. Defendant joined plaintiff's employer as a third-party defendant, seeking contribution or indemnification.

Prior to February 3, 1975, a third-party sued by an injured employee could join the injured employee's employer as a third-party defendant for contribution or indemnification. *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940); *Socha v. Metz*, 385 Pa. 632, 123 A.2d 837 (1956). On December 5, 1974, the Pennsylvania Workmen's Compensation Law was amended, the amendment to become effective sixty days thereafter (February

3, 1975) to provide, at 77 P.S. § 481(b) (Pocket 1975–76):

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependants, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

Third-party defendant has moved for summary judgment in its favor based on that amendment. The motion will be denied. The accident giving rise to this suit happened about a year and a half before the amendment relied on by third-party defendant was enacted. The enactment does not effect a procedural change, it effects a change in the substantive rights of litigants, consequently it should not be construed to have retrospective application unless there is a clear manifestation of the Legislature's intention to make it retroactive. Statutory Construction Act, 46 P.S. § 556.