**Karen BRESCIA**

v.

**IRELAND COFFEE–TEA, INC., et al.**

**Civ. A. No. 75–1771.**

United States District Court,
E. D. Pennsylvania,
Civil Division.

March 24, 1976.

Jerome Gamburg, Arthur G. Raynes, Philadelphia, Pa., for plaintiff.

Earl H. Parsons, Philadelphia, Pa., for Ireland Coffee-Tea, Inc.

David F. Campbell, James D. Wilder, Philadelphia, Pa., for West Bend.

Walter J. Timby, Jr., Philadelphia, Pa., for Casa Milano.

## OPINION

DITTER, District Judge.

Plaintiff, injured during the course of her employment, brought suit charging that defendants' defective product was responsible. The defendants then initiated third party actions against plaintiff's employer seeking contribution or indemnity. After the date on which plaintiff was hurt, the Pennsylvania Workmen's Compensation Act was amended to preclude third party suits against an employer and based on this amendment, plaintiff's employer filed appropriate motions to have defendants' claim dismissed. The question presently before the court is whether the amendment is to be applied retroactively, thus preventing a holding that the employer is liable, or prospectively, in which event the employer may be held responsible to the extent of its statutory workmen's compensation liability. I conclude that the act is to be applied prospectively only, and therefore refuse the employer's motion to dismiss the third party complaints.

Plaintiff was severely scalded October 10, 1974, while working for Casa Milano, Inc., when a coffee urn manufactured by defendant West Bend Company and sold to Casa Milano by defendant Ireland Coffee-Tea, Inc., tipped over. She instituted this diversity suit against West Bend and Ireland on June 23, 1975, alleging negligence, breach of warranty and strict tort liability. Ireland and West Bend filed third party complaints against Casa Milano seeking contribution or indemnity on July 29, 1975, and February 13, 1976, respectively.

Prior to February 5, 1975, Pennsylvania law permitted a third party sued by an injured employee to obtain contribution or indemnity from the employer to the extent of the latter's statutory compensation limits. *Socha v. Metz,* 385 Pa. 632, 123 A.2d 837 (1956); *Maio v. Fahs,* 339 Pa. 180, 14 A.2d 105 (1940); see *Burke v. Duquesne Light Co.,* 231 Pa.Super. 412, 332 A.2d 544 (1974) (allocatur refused); *Skoda v. National Mines Corp.,* 213 Pa.Super. 489, 249 A.2d 829, allocatur refused, 213 Pa.Super. xl (1968). However on that date P.L. No. 263, 77 P.S. § 481(b) became effective. It provides:

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

Relying on this statute, Casa Milano has moved to dismiss the third party actions of West Bend and Ireland. Defendants contend that the statute, which was not passed until after the date of the accident, should not be applied retroactively since substantive rather than procedural rights are involved. Casa Milano counters with the argument that applying the statute to this case would not be giving it retroactive effect because under § 2 of the Uniform Contribution Among Joint Tortfeasors Act, 12 P.S. § 2083, defendants' right to contribution or indemnity does not arise until after they have paid a judgment or entered into a settlement with plaintiff, neither of which has yet occurred. *Smith v. Whitmore,* 270 F.2d 741 (3d Cir. 1959); *In re*

*Reading Company,* 404 F.Supp. 1249 (E.D. Pa.1975); *Falciani v. Philadelphia Transportation Company,* 189 F.Supp. 203 (E.D. Pa.1960); *Swartz v. Sunderland,* 403 Pa. 222, 169 A.2d 289 (1961); *Wnek v. Boyle,* 172 Pa.Super. 222, 92 A.2d 701, rev'd on other grounds, 374 Pa. 27, 96 A.2d 857 (1953); see *Restifo v. McDonald,* 426 Pa. 5, 230 A.2d 199 (1967); *Harger v. Caputo,* 420 Pa. 528, 218 A.2d 108 (1966); *Bausewine v. Norristown Herald, Inc.,* 351 Pa. 634, 41 A.2d 736 (1945). While Casa Milano's argument has the initial appeal of simplistic logic, it addresses the wrong issue and therefore must be rejected.

The question is not whether the defendants' cause of action for contribution or indemnity technically had come into full fruition prior to the effective date of the statute, but whether the legislature intended § 481(b) to be applied to accidents which occurred prior to its effective date. In view of the strong public policy that "no law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature," Statutory Construction Act, 1 Pa.C.S.A. § 1926, formerly 1937 P.L. 1019, art. IV, § 56, I conclude that the absence of any indication in the statute that the legislature intended § 481(b) to apply to prior occurring accidents must be taken to mean that there was no such intention. Therefore, the law in effect at the time of plaintiff's injury governs the defendants' right to contribution or indemnity from the third party defendant.* *Keller Cresent Printing & Engraving Co. v. Rosen,* 135 F.Supp. 22 (W.D.Pa.1955). Under that law contribution or indemnity from the employer was allowed. Accordingly the motion of third party defendant Casa Milano, Inc., to dismiss the third party complaints of defendants Ireland Coffee-Tea, Inc. and West Bend Company must be denied. See *Tra-*

*vagline v. Collectramatic, Inc.,* Civil Action No. 75–2065 (E.D.Pa., filed March 5, 1976); *Brown v. Wheel Horse Products, Inc.,* Civil Action No. 75–1755 (E.D.Pa., filed February 17, 1976).

---

* The result I reach here is not in conflict with *Smith v. Fenner,* 399 Pa. 633, 161 A.2d 150 (1960). In that case the Uniform Contribution Among Joint Tortfeasors Act had become effective in the interval between the date of the accident and the date of the release. The court applied the Act in determining the effect of the release. However, in so doing, the court relied

on the fact that in executing the release, "the parties knew or should have known of the provisions of the Uniform Act." *Id.* at 642, 161 A.2d [150] at 155. Unlike *Smith,* here the parties have not entered into any voluntary arrangements subsequent to the effective date of § 481(b) which might be presumed to have been made with its provisions in mind.