Joseph Anthony WESOLOWSKI and Kathleen Wesolowski, his wife, Plaintiffs,

v.

**Thomas RHOADES and Thomas Lindstrom & Co., Defendants and Third-Party Plaintiffs,**

v.

**KEYSTONE WIRE & IRON CO., Third-Party Defendant.**

Civ. A. No. 76–329.

United States District Court, E. D. Pennsylvania.

July 8, 1976.

Edward Chacker, Philadelphia, Pa., for plaintiff.

Morton F. Daller, Rawle & Henderson, Philadelphia, Pa., for defendant.

Walter J. Timby, Jr., LaBrum & Doak, Philadelphia, Pa., for third-party defendant.

### MEMORANDUM AND ORDER

BRODERICK, District Judge.

Presently before the Court is the motion of the third-party defendant, Keystone Wire & Iron Company (Keystone), to dismiss the third-party complaint filed by defendants, Thomas Rhoades and Thomas Lindstrom & Co. Plaintiff, Joseph Wesolowski, alleges in his complaint that he was injured in a work-related accident on October 31, 1974, while in the course of his employment with Keystone. Mr. Wesolowski filed his complaint against the defendants, Thomas Rhoades and Thomas Lindstrom & Co. on February 4, 1976, alleging that the injuries he sustained were due to the negligence of defendant Thomas Rhoades, an employee of defendant Thomas Lindstrom & Co., a subcontractor working at the scene of the accident at the Rosemont Shopping Center in Rosemont, Pennsylvania. On March 23, 1976, defendants Thomas Rhoades and Thomas Lindstrom & Co. filed a third-party complaint against Keystone alleging that Keystone is liable to them for contribution as a joint tortfeasor or for indemnification for failing to use due care in providing plaintiff Wesolowski with a safe place to work.

Prior to February 5, 1975, Pennsylvania law permitted a third party sued by an injured employee to obtain contribution or indemnity from the employer to the extent of the employer's statutory compensation limits. *Socha v. Metz*, 385 Pa. 632, 123 A.2d 837 (1956); *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940). However, on February 5, 1975, the Pennsylvania Workmen's Compensation Law was amended to provide:

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action. 77 P.S. § 481(b).

Relying on this amendment to the Pennsylvania Workmen's Compensation Law, Keystone has moved to dismiss the defendants' third party complaint. Defendants contend that the statute, which was not amended until after the date of the accident in this case, should not be applied retroactively to accidents occurring prior to the effective date of the amendment, but has application only in connection with those accidents occurring after February 5, 1976. Those courts in this district which have considered the issue of the retroactive application of the amendment to the Workmen's Compensation Law, which limits the liability of an employer to a third party who is allegedly liable in damages to an employee injured in the course of his employment, have held that the amended act does not apply to accidents occurring prior

to the amendment's enactment on February 5, 1975. *Brescia v. Ireland Coffee-Tea, Inc.*, 412 F.Supp. 488 (E.D.Pa.1976); *Travagline v. Collectramatic, Inc.*, C.A.No. 75–2065 (E.D.Pa. March 5, 1976); *Browne v. Wheel-Horse Products, Inc.*, 408 F.Supp. 415 (E.D. Pa.1976). These Courts have reasoned that the February 5, 1975 amendment effects a change in the substantive rights of the litigants, rather than merely effecting a procedural change, and therefore Pennsylvania's declared strong public policy found in the Statutory Construction Act, 46 P.S. § 556, that "no law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature," precludes the retroactive application of the amendments to the Pennsylvania Workmen's Compensation Law. We agree with these well reasoned decisions. The law in effect at the time of the plaintiff's injury governs the defendants' right to contribution or indemnity from the third-party employer-defendant in this case. The accident allegedly occurred prior to February 5, 1975, the effective date of the amendment to the Pennsylvania Workmen's Compensation Act. Accordingly, the motion of the third-party defendant Keystone must be denied and the following Order is entered.

### ORDER

AND NOW, this 8th day of July, 1976, upon consideration of the motion of third-party defendant Keystone Wire & Iron Co. to dismiss the third-party complaint, it is hereby ORDERED that the motion is DENIED.