Harland L. **ROBINSON**, Plaintiff,

v.

**FULGHUM INDUSTRIES, INC.**, et al., Defendants.

Civ. No. 77-89.

United States District Court, M. D. Pennsylvania.

April 27, 1977.

David B. Keeffe, Sayre, Pa., for plaintiff.

Timothy E. Foley, O'Malley, Bour & Gallagher, Scranton, Pa., for Fulghum Industries, Inc.

George A. Spohrer, Hourigan, Kluger & Spohrer, Wilkes-Barre, Pa., for Van Auken Mill Supplies & Equip.

B. Todd Maguire, Wilkes-Barre, Pa., for Sharcana, Inc.

### ORDER

MUIR, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On February 2, 1977, Plaintiff Robinson sued Defendants Fulghum Industries, Inc. and Van Auken Mill Supplies and Equipment, Inc. for personal injuries sustained in an accident at his place of employment on February 3, 1975. Robinson charges the Defendants with negligence, breach of implied warranties, and a violation of § 402A Restatement (Second) Torts. On March 3, 1977, Defendant Van Auken filed a third-party Complaint against Robinson's employer, Sharcana, Inc., seeking contribution or indemnification.

On December 5, 1974, the Pennsylvania Workmen's Compensation Law was amended to read:

"§ 481. *Exclusiveness of remedy; actions by and against third party; contract indemnifying third party.*

\* \* \* \* \* \*

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

As amended 1974, Dec. 5, P.L. 782, No. 263, § 6, effective in 60 days."

Third-party Plaintiff Van Auken does not dispute that the above-quoted statute bars its action against third-party Defendant Sharcana if it was in effect on February 3, 1975. See *Browne v. Wheel-Horse Products, Inc.,* 408 F.Supp. 415 (E.D.Pa.1976). No less than three district courts have referred to the effective date of § 481 as *February 5, 1975,* two months rather than

60 days after its enactment. *Clark v. Essex International, Inc.,* 410 F.Supp. 215 (E.D.Pa. 1976); *Brescia v. Ireland Coffee-Tea, Inc.,* 412 F.Supp. 488 (E.D.Pa.1976); *Wesolowski v. Rhoades,* 416 F.Supp. 1052 (E.D.Pa.1976).

Since Robinson's injuries occurred precisely 60 days after the enactment of § 481(b), a plain reading of the statute leads to the conclusion that it is applicable to this cause of action.

In the light of the foregoing, an appropriate order granting Sharcana's motion to dismiss the third-party Complaint will be issued.

NOW, THEREFORE, IT IS ORDERED THAT:

Third-party Defendant Sharcana's motion to dismiss third-party Plaintiff Van Auken's complaint is granted.