## Gregory v. James D. Morrissey, Inc.

*John J. DePaul,* for plaintiff.
*David Griffith*, for defendant.
*Harry A. Short, Jr.* and *Frederick Fletcher*, for additional defendant.

PRATTIS, *J.*, February 16, 1979—This matter is before the court on a motion for summary judgment filed by United Engineers and Constructors, Inc. (United).

The pertinent facts are as follows: Plaintiff, Matthew Gregory, was injured on February 27, 1974, while at work on a construction site. Plaintiff alleges that while under a loaded crane bucket, the jaws suddenly opened and the load of dirt and debris fell, striking him, and causing him to sustain injuries. Plaintiff alleges that the crane was operated, possessed, maintained and controlled by defendant, James D. Morrissey, Inc. (Morrissey), acting by and through its employes.

At the time of the accident, plaintiff was employed as a common laborer by defendant United, on the job site of the Philadelphia Electric Company (Electric Co.). United had been contractually engaged as the construction manager by the defendant Electric Co. on August 12, 1970. On July 27, 1973, defendants Morrissey and the Electric Co. entered into an equipment rental agreement whereby certain construction equipment was to be leased from defendant Morrissey to defendant Electric Co. The equipment was to be fully operated and maintained by defendant Morrissey. The agreement contains an indemnification and hold harmless clause, which provides that defendant Morrissey shall indemnify and hold harmless defendants Electric Co. and United. Defendant Morrissey joined defendant United as an additional defendant in this suit.

Defendant United filed a motion for summary judgment on the grounds that the 1975 amendment, Act of December 5, 1974, P.L. 782, to the Pennsylvania Workmen's Compensation Act of

June 2, 1915, P.L. 736, as amended, 77 Pa.C.S.A. §481(b), set forth the plaintiff's exclusive remedy and renders it, United, immune from third party actions. In the alternative, United argues that defendant Morrissey's cause of action for contribution and/or indemnity has not yet accrued and that it lies, if at all, under the Uniform Contributions Among Joint Tortfeasors Act of July 19, 1951, P.L. 1130, 12 P.S. §2082 et seq. [now, Judicial Code of July 9, 1976, P.L. 586, 42 C.P.S.A. §8321, et seq.].

Defendant Morrissey contends that the amendment does not grant defendant United immunity from suit because a "work order" attached to its answer as Exhibit A, contains an agreement providing for indemnification of defendant Morrissey by defendant United. The work order is dated February 27, 1974, the same day on which the accident occurred.

The issue is whether the legislature intended 77 Pa.C.S.A. §481(b) to be applied to accidents which occurred prior to its effective date.

Prior to February 5, 1975, Pennsylvania law permitted a third party sued by an injured employe to obtain contribution or indemnification from the employer to the extent of the latter's statutory compensation limits: Socha v. Metz, 385 Pa. 632, 123 A. 2d 837 (1956); Maio v. Fahs, 339 Pa. 180, 14 A. 2d 105 (1940); see, Burke v. Duquesne Light Co., 231 Pa. Superior Ct. 412, 332 A. 2d 544 (1974) (allocatur refused).

On February 5, 1975, the amendment to the Workmen's Compensation Act became effective. 77 Pa.C.S.A. §481(b) provides:

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his

legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

Relying on this amendment, United has moved for judgment in its favor on all claims raised in this litigation. United contends that because it was joined subsequent to the effective date of the amendment, as a matter of law it is immune from suit.

Defendant Morrissey's reliance on the written indemnification agreement contained in the work order, to prevent application of the amendment, is misplaced. While there may be an issue as to the nature of the work order agreement as it relates to the indemnification provisions contained in the equipment rental agreement, the work order does not qualify as "an agreement providing for indemnification *prior to the date*" of the accident. (Emphasis supplied). Accordingly, the aforementioned agreement does not prevent application of 77 Pa.C.S.A. §481(b).

Defendant United urges the court to follow the case of Bell v. Koppers, No. G.D. 76-18907 (C.C.P. Allegheny County, Pa. May 20, 1977), presently on

appeal to the Pennsylvania Supreme Court on a petition for review of the Superior Court's per curiam affirmance. Bell is cited to foreclose the issue of retroactive application of the amendment were the court to sua sponte raise the issue. (The issue of retroactive application of 77 Pa.C.S.A. §481(b) was not raised by any other party to this litigation.) Bell can be distinguished from the case at bar, however, because in Bell the initial suit and the complaint to join the employer as an additional defendant were filed *subsequent* to the effective date of the amendment. The injuries giving rise to the cause of action in Bell occurred prior to the effective date of 77 Pa.C.S.A. §481(b). On those facts, the court held that the amendment was applicable and dismissed the complaint to join the employer as an additional defendant.

In the case at bar, the injuries giving rise to the cause of action occurred *prior* to the effective date of 77 Pa.C.S.A. §481(b) and the initial suit was also instituted *prior* to the effective date. The *third party complaint*, however, was filed subsequent to that date.

The relevant case law reveals that where the injuries giving rise to a cause of action occurred prior to February 5, 1975, and the initial suit as well as the third party joinder action was instituted subsequent to that date, the amendment has not been applied to let the employer out of the case: Wesolowski v. Rhoades, 416 F. Supp. 1052 (E.D. Pa. 1976); Brescia v. Ireland Coffee-Tea, Inc. 412 F. Supp. 488 (E.D. Pa. 1976). However, the recent case of Cann v. Hobart Corp. (C.A. No. 77-782 E.D. Pa. July 24, 1978) held that the amendment is applicable where the cause of action arose prior to the effective date of the amendment but the suit and

the third party complaint were instituted after that date. Presumably, the court applied the doctrine of laches and determined that there was some unreasonable delay in bringing the action.

Were the amendment to be applied in this case, the result would be contrary to the strong public policy that: "No statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly." Statutory Construction Act of November 25, 1970, P.L. 707, as amended, 1 Pa.C.S.A. §1926. There is no language in the amendment to indicate that it was intended to apply to accidents which occurred prior to its effective date. As noted by the court in Wesolowski, supra, at page 1053: "The law in effect at the time of the plaintiff's injury governs the defendants' right to contribution or indemnity from the third-party employer-defendant in this case."

The court notes that the Superior Court of Pennsylvania recently considered the constitutionality of the amendment in Tsarnas v. Jones & Laughlin Steel Corp., Eichleay Corp., and Whitehead & Kales Co. v. Avalotis Painting Co., Inc., ____ Pa. Superior Ct. ____, 396 A. 2d 1241 (1978). The Superior Court upheld the lower court's order sustaining the employer's demurrer to the third party complaint pursuant to 77 Pa.C.S.A. §481(b). However, in that case the amendment was in effect at the time the employe was injured. The Superior Court, therefore, ruled in accordance with Wesolowski, supra, and applied the "law in effect at the time of the plaintiff's injuries. . . . "

Accordingly, we hold that the legislature did not intend 77 Pa.C.S.A. §481(b) to apply to accidents which occurred prior to its effective date.

As to defendant United's alternative grounds for

a grant of its motion, i.e., that defendant Morrissey's cause of action has not yet accrued under the Uniform Contribution Among Joint Tortfeasors Act, 12 Pa.C.S.A. §2082 et seq., ergo application of the amendment will be prospective, we find such grounds without merit. The issue here is not whether a cause of action for contribution has technically accrued, but whether the legislature intended the amendment to bar third party actions where the occurrences giving rise to those actions took place prior to its effective date.

The pertinent provisions of the Uniform Contribution Among Joint Tortfeasors Act, supra, §2082 and §2083, are as follows:

"§2082. Joint tortfeasors defined

For the purpose of this act, the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them. 1951, July 19, P.L. 1130, §1.

"§2803. Right of contribution

(1) The right of contribution exists among joint tortfeasors; (2) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof; (3) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement. 1951, July 19, P.L. 1130, §2."

The employer in Brescia, supra, raised the identical argument. The court in Brescia also concluded that the amendment was not intended to apply

retroactively and rejected the employer's argument as addressing the wrong issue.

For the foregoing reasons, we hold that defendant United is not immune from joinder as an additional defendant in this litigation. The motion of the third-party defendant United is denied and an order to that effect will be entered.

### ORDER

And now, to wit, February 16, 1979, upon consideration of the motion for summary judgment of third-party defendant, United Engineers and Constructors, Inc., it is hereby ordered and decreed that said motion is denied.