## Pupo v. Janney Cylinder Company

*Edward J. David*, for plaintiffs.
*John J. Leonard*, for defendant.

KLEIN, C., J., December 19, 1979—On August 10, 1978, plaintiffs filed a complaint in trespass which states three causes of action. The first is on behalf of Marie Pupo, a minor, by her parents and natural guardians, alleging that on or about September 8, 1976, Viola Pupo, an employe of defendant, while pregnant, was injured as a result of tripping over a garden hose on the premises of defendant; that the incident was caused by defendant's negligence; that on September 15, 1976, Marie Pupo was born prematurely to Viola Pupo; and that as a result of said premature birth Marie Pupo suffered many serious physical and other ailments.

The second cause of action is by Viola Pupo and Roberto Pupo, the parents of Marie Pupo, in their own right, to recover past and future medical expenses for the minor and for impairment of the minor's earning capacity. The third cause of action is by Viola Pupo, in her own right, to recover damages for "severe anxiety, emotional and mental distress, apprehension and fear that from her accident harm might have resulted or did result to her unborn child."

On September 29, 1978, defendant filed preliminary objections on the ground of lack of jurisdiction, citing The Pennsylvania Workmen's Compensation Act (hereinafter the Act), as amended December 5, 1974, P.L. 782, 77 P.S. §481(a), which reads:

"481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party

"(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) [77 P.S. §411(1), (2)] . . ."

We note at the outset that the Act has been declared valid and constitutional by our Superior Court: Tsarnas v. Jones & Laughlin Steel Corporation, _____ Pa. Superior Ct. _____, 396 A. 2d 1241 (1978); Eisel v. U.S. Slicing Machine Company, Inc., _____ Pa. Superior Ct. _____, 407 A. 2d 36 (1979).

Initially counsel for plaintiffs conceded that Viola Pupo was employed by defendant but did not concede that she was in the course and scope of her employment when the accident occurred. I, therefore, issued an order on April 4, 1979, directing counsel to depose Viola Pupo to elicit information regarding her employment status, the scope of her employment and the nature of the accident. Depositions were duly taken which established that Viola Pupo was an employe of defendant on September 8, 1976, when she fell on the premises of her employer and that she sustained a bruised ankle and a torn placenta. She further testified that she applied for and received workmen's compensation benefits for the injuries thus sustained.

It is clear that by applying for benefits under the Act, Viola Pupo has acknowledged that she was acting in the course and scope of her employment when the accident occurred and she will not now be permitted to question that fact.

Counsel for defendant argues that all of the claims in the complaint are based on Viola Pupo's work-related injury and that by the provisions of 77 P.S. §481(a) the exclusive remedies available to all of plaintiffs are those set forth in the Act, citing Adamik v. Pullman Standard, 439 F. Supp. 784 (W.D. Pa. 1977); Robinson v. Fulghum Industries, Inc., 431 F. Supp. 315 (M.D. Pa. 1977), and Hefferin v. Stempkowski, 247 Pa. Superior Ct. 366, 372 A. 2d 869 (1977).

Counsel for plaintiffs takes the position that in Pennsylvania the right of a minor to sue for injuries sustained en ventre sa mere is now well established (Sinkler v. Kneale, 401 Pa. 267, 164 A. 2d 93 (1960)), and that a minor's suit is not barred by the

Act solely because the injury to the minor occurred when the mother was injured on the job at a time when the minor was a fetus of approximately 25 weeks. For this reason, asserts counsel, the exclusiveness provision of the Act cannot be a bar to the minor's suit for her own injuries. In support of this position, counsel notes that in 77 P.S. §411(1) the Act defines an injury as follows: "The terms 'injury' and 'personal injury,' as used in this act, *shall be construed to mean an injury to an employe*, regardless of his previous physical condition, *arising in the course of his employment and related thereto. . . .*" (Emphasis supplied.)

We agree that the minor's cause of action does not derive from any workmen's compensation claim the parent may have against the employer. Obviously the minor was not an employe within the meaning of the Act and her claim must be decided on its own merits. Having so concluded, the preliminary objections to the first cause of action cannot be sustained.

The second cause of action is for medical expenses for the treatment of Marie Pupo for the conditions allegedly resulting from the accident. Clearly, if Marie Pupo has a cause of action in her own right, her parents also have a cause of action for their expenses and the preliminary objections as to this cause of action must be denied.

The third cause of action is based on the allegations of Viola Pupo that between the time of the accident and the birth of her child on Setpember 15, 1976, she suffered severe anxiety, distress and fear that her unborn child would be injured. Counsel for plaintiff Viola Pupo argues that our Supreme Court in Sinn v. Burd, _____ Pa. _____, 404 A. 2d 672

(1979), recognized a parent's right to bring suit for anxiety suffered because of an injury to a child even when the parent is beyond the so-called "zone of danger," and that since the Act contains no provision that can be interpreted to apply the Act to such an injury, the preliminay objections to this cause of action should be denied. We fail to see the relevance of this argument. There can be no doubt that this cause of action is based on injuries allegedly sustained by Viola Pupo albeit related to those sustained prenatally by the minor, and that the exclusiveness provisions of 77 P.S. §481(a) apply. The preliminary objections to the third cause of action will therefore be sustained.

A comment is in order on the argument by counsel for defendant that the stated purpose of the Act, as expressed in 77 P.S. §481, is to protect an employer from all negligence litigation arising out of work-related accidents, citing John W. Brown Equip. Rental v. Dickey, 397 Pa. 454, 155 A. 2d 836 (1959). He points out that 77 P.S. §481(a) restricts the employer's liability not only to employes, but also to the dependents and "any one otherwise entitled to damages." In support of his position he quotes the following passages from Brown v. Dickey, supra, at pages 458-459:

"The obvious purpose of the Act was not only to limit the right of employers and employees, but also to protect both parties from the hazards and expense of negligence litigation. As well as creating liability without fault, the Act established a standard of compensation to be paid to the employee as a ceiling on the employer's liability in such cases . . . [I]t is an expression of the legislative will that an

employer's liability, in a case involving injury to an employee during the course of his employment is *strictly* limited to the amount of the workmen's compensation award." (Emphasis in original.)

We have no quarrel with the view that the legislature's fundamental purpose in enacting the Act was to put a ceiling on the employer's liability and to avoid endless negligence litigation for work-related accidents. We do not, however, accept the premise that the legislature intended to insulate an employer from liability for negligence to persons other than employes. Nowhere did we find language in the Act which would include the prenatal injuries to minor plaintiff within the exclusiveness provisions thereof. The language that counsel for defendant emphasizes in 77 P.S. §481, as well as the quotations from Brown v. Dickey, clearly deal with injuries sustained by an employe.

The case before us appears to be one of first impression. Counsel for both sides have ably argued their respective positions but no case on the precise question at issue has been called to our attention, nor has our own research disclosed any. We conclude that minor plaintiff is entitled to her day in court and we therefore enter the following

## ORDER

And now, December 19, 1979, it is ordered and decreed that defendant's preliminary objections to the first and second causes of action in plaintiffs' complaint in trespass are overruled, with leave to defendant to file an answer to the complaint within 20 days of the date of this order. Defendant's pre-

liminary objections to the third cause of action in plaintiffs' complaint in trespass are sustained and the said third cause of action is dismissed.