**Eugene R. KOHR, and Elaine M. Kohr, his wife, et al.**

v.

**·JOHNS–MANVILLE CORPORATION et al.**

Civ. A. No. 78–3942.

United States District Court,
E. D. Pennsylvania.

Sept. 26, 1980.

Gene Locks, Timothy Bolton, Philadelphia, Pa., for plaintiffs.

T. C. DeLorenzo, Philadelphia, Pa., for Johns–Manville; Canadian Johns–Manville.

Patrick Ryan, Philadelphia, Pa., for Cassiar Asbestos Corp.

Robert M. Britton, Philadelphia, Pa., for Bell Asbestos Mines.

Edward W. Madeira, Jr., Philadelphia, Pa., for Lake Asbestos of Quebec.

Edward B. Joseph, Philadelphia, Pa., for Asbestos Corp.

John P. Mason, Philadelphia, Pa., for Turner, Newall.

G. Wayne Renneisen, Philadelphia, Pa., for Carey Canadian.

 

Joseph T. Mallon, Philadelphia, Pa., for Raybestos–Manhattan.

Edward Greer, Philadelphia, Pa., for GAF Corp.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

A grant of summary judgment is appropriate only when there is "no genuine issue as to any material fact". Fed.R.Civ.P. 56(c), *Bishop v. Wood*, 341 U.S. 347, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). The issue of material fact precluding the grant of summary judgment in the case *sub judice* involves determination of when the injuries of each plaintiff occurred.

The moving defendants rely upon the Pennsylvania Workmen's Compensation Act, as amended, 77 P.S. § 481 (Supp. 1979–80), which became effective February 5, 1975, and provided that a third party sued by an injured plaintiff could not join the plaintiff's employer for damages, contribution or indemnity unless the parties had so agreed previously by contract. Defendants contend that this statutory provision bars plaintiffs' claims and other defendants' cross–claims against them.

However, this statutory provision supports the moving defendants' position only if plaintiffs' claims arose after February 5, 1975. The amendment is not to be applied retroactively according to the Pennsylvania Supreme Court, *Bell v. Koppers Co.*, 481 Pa. 454, 392 A. 1380 (1978) and the unanimous conclusion of judges in this district. *See Moss v. Swann Oil, Inc.*, 423 F.Supp. 1280 (E.D.Pa.1976), aff'd, 566 F.2d 1168 (3d Cir. 1977) (Cahn, J.), *Wesolowski v. Rhoads*, 416 F.Supp. 1052 (E.D.Pa.1976) (Broderick, J.), *Brescia v. Ireland Coffee–Tea, Inc.*, 412 F.Supp. 488 (E.D.Pa.1976) (Ditter, J.), *Clark v. Essex International, Inc.*, 410 F.Supp. 215 (E.D.Pa.1976) (Gorbey, J.), *Teague v. Consolidated Bathurst, Ltd.*, 408 F.Supp. 980 (E.D.Pa.1976) (Bechtle, J.), *Browne v. Wheel–Horse Products, Inc.*, 408 F.Supp. 415 (E.D.Pa.1976) (Luongo, J.).

Prior to this amendment, Pennsylvania law permitted a third party sued by an injured employee to obtain contribution or indemnity from the employer. *Hattersley v. Bollt*, 512 F.2d 209 (3d Cir. 1975), *Socha v. Metz*, 385 Pa. 632, 123 A.2d 837 (1956). Plaintiffs have been employed at the moving defendants' plant at Manheim since 1928. At this early stage of the litigation it would be premature and inappropriate to determine that none of plaintiffs' claims arose before February 5, 1975. Whether plaintiffs' claims arose prior to this date is a genuine issue of material fact which renders award of summary judgment improper. Accordingly, the motion will be denied without prejudice.